## THE STATE v. J. L. SWAGERTY, Appellant.

### Division Two, May 14, 1907.

1. **AUTOMOBILES:** Rights on Highway. Automobiles, operated and propelled in a manner not incompatible with the safety of the travelling public, have equal rights with other vehicles upon the public highways, subject to such rules and regulations as are prescribed by law.

2. **CONSTITUTIONAL LAW:** Special Legislation. While an act which refers to particular persons or things of a class is a special law, when the conditions reasonably justify the distinguishing of a class, and the act affects equally all who come within that class, such act is not within the constitutional inhibition against the enactment of special legislation.

3. ————: ————: Automobile Act of 1903. The Automobile Act of 1903, regulating the operation and speed of automobiles on the public streets, roads and highways, is not unconstitutional as special legislation merely because it does not apply to all vehicles using the public highways. It applies to and affects alike all persons, corporations, etc., engaged in operating automobiles, and it is, therefore, a general and not a special law.

4. **AUTOMOBILE ACT: Police Power.** The Automobile Act of 1903 is a police regulation, and its enactment was clearly within the power of the Legislature.

5. ————: **Independent Sections: Speed.** In a prosecution for a violation of section 2 of the Automobile Act of 1903, prohibiting the running of automobiles at a greater rate of speed than nine miles per hour, the validity of section 4 of said act, requiring operators of automobiles to obtain licenses, is not involved.

6. ————: **Speed Limit: Reasonableness.** The courts have nothing to do with the reasonableness or unreasonableness of an act of the Legislature which it was within its power to enact, and this court will not declare that a speed limit of nine miles per hour for automobiles is unreasonable.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney,* Judge.

AFFIRMED.

*R. H. Stevens* and *Kehr & Tittmann* for appellant.

(1) The general purpose of streets and highways is that of travel, either on foot by a pedestrian or in a vehicle propelled by power. The use to which the public thoroughfares may be put comprehends all modern means of conveyance. The motor vehicle has an equal right with other vehicles in common use, to occupy and use the public highways and streets. Indiana Springs Co. v. Brown, 74 N. E. 615; Macomber v. Nichols, 34 Mich. 217; Moses v. Railroad, 21 Ill. 515; Upton v. Windham, 75 Conn. 288; Christie v. Elliott, 216 Ill. 31; Shinkle v. McCullough, 116 Ky. 965; Chicago v. Banker, 112 Ill. App. 94; Thompson v. Dodge, 58 Minn. 555; Holland v. Bartsch, 120 Ind. 46. (2) Such being the law, and it having been decided in this State that the right and power to license, tax and regulate the use of vehicles upon the public roads or highways is solely based upon the common law maxim "that those who mainly wear out

the streets should mainly pay for keeping them in repair and that there should be such graduated scales that the kind of carriage which most wears out the streets should pay most and those which are less destructive, should pay less" (City v. Green, 7 Mo. App. 477, 70 Mo. 562; Kansas City v. Richardson, 90 Mo. App. 458), the Automobile Act of 1903 is a special law, and, therefore, violates section 53, article 4 of the Constitution of Missouri, which prohibits the enactment of a special law where a general law may be made applicable and which makes the question whether a general law could be made applicable a judicial one. State ex rel. v. Herman, 75 Mo. 346; State ex rel. v. Tolle, 71 Mo. 650; Sams v. Railroad, 174 Mo. 53; State v. Granneman, 132 Mo. 326. (3) The act violates the 14th amendment to the Constitution of the United States. Every person in the United States is entitled to the equal protection of the laws. That amendment is a guaranty of protection against State action. Virginia v. Rives, 100 U. S., 313; U. S. v. Cruikshank, 92 U. S. 542; Ex parte Virginia, 100 U. S. 339; Railroad Tax Cases, 13 Fed. 722.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

The Automobile Law is not unconstitutional, but is a reasonable exercise of the police power of the State. When such dangerous machines are allowed the use of our public highways, it is certainly right as well as reasonable to require that those in charge of them shall operate them at a reasonable rate of speed. In addition to the dangers attendant upon the use of them, such as collisions with other vehicles and the injury to pedestrians, automobiles are calculated to frighten horses and mules. It is a fact well known to all that our domestic animals do not frighten as readily at a bicycle, steam roller, automobile or threshing ma-

chine that is moving slowly as at one that is moving fast. Hence, .for the safety of pedestrians as well as those riding and driving, this law was enacted. Christy v. Elliott, 216 Ill. 39; McIntyre v. Orner, 76 N. E. 752; Shinkle v. McCullough, 77 S. W. 197; Gifford v. Jennings, 190 Mass. 154; Com. v. Sherman, 78 N. E. 98; Eichmann v. Buchheit, 107 N. W. 325; In re Berry, 147 Cal. 523; Radnor Twp. v. Bell, 27 Pa. Sup. Ct.; Crittenden v. Columbus, 26 O. C. C. 531; People v. Ellis, 88 N. Y. App. Div. 471.

BURGESS, J.—On the 29th day of October, 1905, there was filed by the prosecuting attorney of St. Louis county, before R. F. Stevens, a justice of the peace of said county, an information charging that defendant J. L. Swagerty did wilfully and unlawfully, at said county, on said 29th day of October, 1905, operate and run a certain automobile, propelled by steam, gasoline, electricity or other motive power, at a greater rate of speed than nine miles per hour, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.

Thereafter, on November 16, 1905, said justice heard said cause, and found the defendant guilty, and assessed his punishment at a fine of one hundred dollars and costs. Defendant appealed from this judgment to the circuit court of St. Louis county, where, on the 23rd day of May, 1906, the cause was again tried by the court, a jury being waived, and the defendant again convicted, and his punishment fixed at a fine of one hundred dollars and costs. In due time defendant filed motions for a new trial and in arrest, which were overruled, and defendant appealed to this court.

The evidence showed very conclusively that on Sunday, the 29th day of October, 1905, the defendant, on the Clayton road, one of the public highways of St. Louis county, operated an automobile at a speed of

twenty miles per hour, and that the automobile was propelled by gasoline. The State asked for no declarations of law. The defendant asked the court to declare the law to be that the act in question was unconstitutional and void, which the court refused to do, and the defendant duly excepted.

This prosecution is based upon the Act of 1903, entitled, "An Act regulating the operation and speed of automobiles on the public streets, roads and highways of this State, fixing the amount of license, and prescribing a penalty for violating same," approved March 23, 1903. It is as follows:

"Section 1. Every person, corporation, company or co-partnership engaged in operating any automobile by steam, gasoline or electricity or other motive power upon any of the public streets, roads or highways of this State, shall keep a vigilant watch for vehicles, carriages or wagons drawn by animals, and especially vehicles, carriages or wagons driven by women or children, and shall when approaching any such vehicle, carriage or wagon so drawn by animal or animals, stop such automobile for such a time as to enable such person in charge of any such vehicle, carriage or wagon to pass, or if going in the same direction, shall before attempting to pass give said driver or person in charge of any such vehicle, carriage or wagon drawn by animal or animals sufficient notice of his or their intention to pass, by the sounding of a bell or whistle, and if necessary to prevent the frightening of such animal or animals bring said automobile to a stop in order to give such driver or person an opportunity to alight from such vehicle, carriage or wagon.

"Section 2. All persons, corporation, company or co-partnership engaged in operating any automobile as aforesaid, shall, when required by the driver or person in charge of any vehicle, carriage or wagon drawn by any animal or animals, give the right of way to such

driver of such vehicle, carriage or wagon and shall not run such automobile at a greater rate of speed than nine miles per hour.

"Section 3.   All automobiles operated or run upon any of the public streets, roads or highways of any city or county in this State shall bear a number corresponding to the number of the license, placed at a conspicuous place; and if run or operated in the night, shall have two lighted lamps on the front part of said automobile, and on said lamps shall be painted in legible figures, at least three inches long, the number thereof.

"Section 4.   Every person, corporation, company or co-partnership, desiring to operate any automobile propelled by steam, gasoline or electricity or any other motive power, shall obtain a license from the license commissioner, if in a city having such commissioner, or if desired to operate same in any county outside the corporate limits of any such city or any of the public highways, streets or roads of this State, shall obtain a license from the county clerk of such county authorizing the operating of such automobile, and shall pay to the license commissioner, if in a city having such commissioner, or if in any county to the county clerk of such county, the sum of two dollars per annum for each automobile, so operated and run on the streets, roads and highways, which said sum shall be paid into and become a part of the general road fund.

"Section 5.   Any person, corporation, company or co-partnership violating any of the provisions of this act shall upon conviction be adjudged guilty of a misdemeanor and punished by a fine of not less than one hundred dollars nor more than one thousand dollars or by imprisonment in the county jail not less than thirty days nor more than six months or by both such fine and imprisonment."   [Laws 1903, p. 162.]

Automobiles, operated and propelled in a manner

not incompatible with the safety of the traveling pub-
lic, have equal rights with other vehicles upon the pub-
lic highway, subject to such rules and regulations as
are prescribed by law.

While it is conceded by defendant that the right to
license or tax vehicles or the use of vehicles on the pub-
lic streets, and to regulate such use, is acknowledged
by the courts of this State (St. Louis v. Green, 7 Mo.
App. 468, 70 Mo. 562; Kansas City v. Richardson, 90
Mo. App. 450), it is insisted that an analysis of those
cases shows that the legislative acts construed applied
to all vehicles using the streets, and demonstrates that
when the reason of the rule on which these decisions
are based is considered, the act in question is special
legislation, and, therefore, unconstitutional and void.

There can be no question but that an act which re-
lates to persons or things as a class is a general law,
while an act which refers to particular persons or
things of a class is a special law. [State ex rel. Lion-
berger v. Tolle, 71 Mo. 650.] It is well settled, howev-
er, in this State that, when the conditions reasonably
justify the distinguishing of a class, and the law af-
fects equally all who come within that class, such law
is not within the constitutional inhibition. [State v.
Loomis, 115 Mo. 307; State ex rel. v. Miller, 100 Mo.
439; State v. Granneman, 132 Mo. 326; State ex inf.
v. Washburn, 167 Mo. 680; Ex parte Loving, 178 Mo.
194.]

The principal objection urged against the act is
that it is a special law because it legislates only upon
automobiles, and does not attempt to legislate upon all
vehicles using the public highways. We are unable to
concur with the defendant in this view. The act ap-
plies to and affects alike all members of the same class;
that is, every person, corporation, company or co-
partnership engaged in operating any automobile by
steam, gasoline, electricity or other motive power, up-

on any of the public roads or highways of this State. It does not refer to particular persons or things of a class, and is, therefore, a general and not a special law. The act is a police regulation, and its passage was clearly within the power of the Legislature. It is the province of the Legislature to exercise the police power whenever the public health, comfort or safety seems to require it. In passing upon the constitutionality of a similar act passed by the Legislature of Illinois, the Supreme Court of that State, in Christy v. Elliott, 216 Ill. l. c. 40, said:

"The act in question was designed to secure the safety of travelers upon the public highway. It is a matter of common knowledge that an automobile is likely to frighten horses. It is propelled by a power within itself, is of unusual shape and form, is capable of a high rate of speed, and produces a puffing noise when in motion. All this makes such a horseless vehicle a source of danger to persons traveling upon the highway in vehicles drawn by horses. Such laws as the act here in question have never been regarded as class legislation, simply because they affect one class and not another, inasmuch as they affect all members of the same class alike, and the classification involved in the law is founded upon a reasonable basis. 'If these laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply; and they are then public in character, and of their propriety and policy the Legislature must judge.' [Cooley's Const. Lim. (6 Ed.), pp. 479-481.] In Barbier v. Connolly, 113 U. S. 32, the Supreme Court of the United States said: 'Class legislation, discriminating against some and favoring others, is prohibited; but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated,

is not within the amendment,' which amendment referred to by the court is the fourteenth amendment to the Constitution of the United States, which provides that 'no State shall . . . deny to any person within its jurisdiction the equal protection of the laws.'

" 'Laws public in their objects may be confined to a particular class of persons, if they be general in their application to the class to which they apply, provided the distinction is not arbitrary, but rests upon some reason of public policy growing out of the condition of business of such class.' [Allen v. Pioneer Press Co., 40 Minn. 120.] In Railroad v. Beckwith, 129 U. S. 29, it was said: 'The concluding clause of the first section of the fourteenth amendment simply requires that such legislation shall treat alike all persons brought under subjection to it. The equal protection of the law is afforded when this is accomplished. . . . The discriminations which are open to objection . . . are those where persons engaged in the same business are subjected to different restrictions, or are held entitled to different privileges, under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the law.' The statute in controversy in the case at bar certainly applies to all drivers of automobiles without distinction, and is, therefore, general as to that class, and, for the reason that such horseless vehicles constitute a source of danger to travelers upon the highway, it cannot be said that the classification is not a reasonable one. . . . In Sanitary District v. Bernstein, 175 Ill. 215, this court held that discrimination between different classes of litigants, which was merely arbitrary in its nature, is a denial of the right of litigants to equal protection of the law, but that, if there is a reasonable ground of distinction, the Legislature has discretion to impose reasonable conditions or restrictions, which it

deems in furtherance of justice. In Lasher v. People, 183 Ill. 226, it was said by this court: 'The Legislature have power to form classes for the purpose of police regulation, if they do not arbitrarily discriminate between persons in substantially the same situation. The discrimination must rest upon some reasonable ground of difference.' In Railroad v. Beckwith, supra, the Supreme Court of the United States said: 'When the calling or profession or business is attended with danger, or requires a certain degree of scientific knowledge upon which others must rely, then legislation properly steps in to impose conditions upon its exercise.' It is certainly true that the business of the man who operates and propels an automobile along the public highway, called a chauffeur, is such a business as is above alluded to. It is attended with danger and requires a degree of scientific knowledge upon which others must rely. These horseless vehicles are certainly capable of being propelled at a greater rate of speed than any ordinary vehicles known to the traveling public prior to their invention, and if they may travel at any rate of speed of which they are capable, persons injured would have no remedy, except such negligence as the common law gives a remedy for."

This prosecution is for the violation of section two of said act, which prohibits the running of automobiles at a greater rate of speed than nine miles an hour upon any public road or highway in this State, and has nothing whatever to do with section four of said act, which requires every person, corporation, company or copartnership, desiring to operate any automobile propelled by steam, gasoline or electricity, or any other motive power, to obtain a license from the proper authority for that purpose, and to pay a license fee of two dollars therefor. The validity of section two of the act does not depend upon the validity of section four. St. Louis v. Green, 7 Mo. App. 468, and Kansas City v.

Richardson, 90 Mo. App. 450, were both actions against the operators of vehicles in said respective cities, in disregard of ordinances of said cities which required all such persons to pay a license tax for the privilege of so doing, and are not in point in this case. Numerous criticisms are passed upon the different sections of the act, none of which, however, have any bearing in this case excepting such as have reference to that provision of section two which limits the rate of speed at which automobiles may be run to nine miles per hour. It is claimed by defendant that this speed limit is unreasonable because it applies only to automobiles and not to any other kind of vehicle, and because a limit of nine miles an hour is a rate of speed less than that at which vehicles as well as persons on horseback frequently go.

It is of common knowledge that automobiles are frequently run at a very high rate of speed on the public highways, and because of this, and their peculiar shape, appearance and noise, they frequently frighten horses and cause them to become unmanageable, and do much injury to both persons and property. To prevent such occurrences the act in question was passed. With the reasonableness or unreasonableness of the act this court has nothing to do. That was for the determination of the Legislature, whose power as a law-making body is prescribed and limited only by the State and Federal Constitutions. In Flint River Steamboat Co. v. Foster, 5 Ga. 194, Judge LUMPKIN, in a very able and exhaustive opinion in which he discussed the authority of the Supreme Court to declare invalid an act of the Legislature because of unreasonableness, said: " 'I should conceive that in no case whatever can a judge oppose his own opinion and authority to the clear will and declaration of the Legislature, so long as it acts within the pale of its constitutional competency.' The province of the court is to in-

terpret and obey the mandates of the supreme power of the State, however absurd and unreasonable they may appear.''

The law in question is plain, and was within the power of the Legislature to enact. It is as binding upon the courts as upon the citizen. If the law is harsh, the remedy is by repeal or amendment.

Finding no reversible error in the record, the judgment is affirmed. All concur.