■Mr. Justice Robb
delivered the opinion of the Court:
We will first endeavor to determine the nature of the tax: from the payment of which the defendant seeks to escape. Under the act of June 29, 1906 (34 Stat. at L. 621, chap. 3615), the speed of automobiles in the District was regulated. In the' *566 following year, March 2, 1907 (31 Stat. at L. 1126, chap. 2510), provision was made for identification number tags. This was clearly a police regulation in aid of the prior act. The act under consideration bears no relation to these police measures,—it is a revenue producing measure, and imposes a charge upon all automobiles owned or operated in this District.
A similar tax on carriages, authorized by the act of June 5, 1791 (1 Stat. at L. 371, chap. 15), was sustained as an indirect tax or excise. Hylton v. United States, 3 Dall. 171, 1 L. ed. 556. A tax on expense, the court said, is an indirect tax, and a tax on a consumable commodity like a carriage is a tax on the expense of the owner.
In Patton v. Brady, 181 U. S. 608, 16 L. ed. 713, 22 Sup. Ct. Rep. 193, a similar excise on tobacco manufactured for consumption was also sustained. In Thomas v. United States, 192 U. S. 363, 18 L. ed. 181, 21 Sup. Ct. Rep. 305, a stamp tax on sales of shares of stock was sustained as an excise duty.
It is probable that Congress entertained the view that automobiles, theoretically at least, are owned or operated by persons -most able to bear the burdens of taxation; and that the operation of such vehicles is attended with increased expense to the municipality. Congress, therefore, acting as a local legislature for the District (Gibbons v. District of Columbia, 116 U. S. 107, 29 L. ed. 680, 6 Sup. Ct. Rep. 127), followed the lead of state legislatures, and distinguished automobiles as a proper -class to bear an excise duty in addition to other taxes. There is nothing indefinite about the law. It distinguishes a class, :and imposes an excise thereon. Such classification “need not “be either logically appropriate or scientifically accurate.” It is enough if it is impartial within the class. District of Columbia v. Brooke, 211 U. S. 138, 53 L. ed. 911, 29 Sup. Ct. Rep. 560. That case is also a direct answer to the contention that payment of the tax may not be enforced by criminal prosecution.
This wheel tax act, being an excise measure, as above pointed out, is not inconsistent with the organic act of 1878; and if it *567 was, it would not, for that reason, be invalid, since both acts emanating from Congress, the later would govern.
The contention that because the defendant has paid a personal property tax upon the value of his automobile, Congress may not require him to pay this excise tax, must also fail. Property that has been charged with a general tax may also be charged with an excise, and either or both forms of taxation may be repeated or increased within the will of the legislature, subject, of course, to the limitation that such legislation must be reasonable. Patton v. Brady, 184 U. S. 608, 46 L. ed. 713, 22 Sup. Ct. Rep. 493.
The defendant further contends that this law is void because there is no justification for the subdivision of the class. He does not deny that the law is uniform within the subdivisions of the class, but he says there is no logical reason for grading the tax according to the seating capacity of the vehicle affected. As we have seen, that was a question for Congress. Moreover, similar statutes have received judicial sanction. Harder's Fire Proof Storage & Van Co. v. Chicago, 235 Ill. 58, 85 N. E. 245, 14 A. & E. Ann. Cas. 536; Babbitt, Motor Vehicles, Section 91; State v. Swagerty, 203 Mo. 517, 10 L.R.A.(N.S.) 601, 120 Am. St. Rep. 671, 102 S. W. 483, 11 A. & E. Ann. Cas. 725; Opinion of the Justices, 195 Mass. 607; Hylton v. United States, 3 Dall. 171, 1 L. ed. 556. In Knowlton v. Moore, 178 U. S. 41, 44 L. ed. 969, 20 Sup. Ct. Rep. 747, a Federal inheritance tax law was sustained. That law discriminated between relatives, and again between relatives and strangers, granted exemptions, and imposed the tax according to a progressive rate. This last feature was attacked as repugnant to fundamental principles of equality. The court, without intimating any opinion as to its right to declare the law void for such a reason, disposed of the contention in these words: “The review which we have made exhibits the fact that taxes imposed with reference to the ability of the person upon whom the burden is placed to bear the same have been levied from the foundation of the government. So, also, some authoritative thinkers and a number of economic writers contend that *568 a progressive tax is more just and equal than a proportional one.” The court was careful to add, however, that if a case should ever arise “where an arbitrary and confiscatory exaction is imposed, bearing the guise of a progressive or any other form of tax, it will be time enough to consider whether the judicial power can afford a remedy by applying inherent and fundamental principles for the protection of the individual, even though there be no express authority in the Constitution to do so.” In the same opinion Mr. Justice, now Mr. Chief Justice, White, at page 94, set forth a partial list of excise acts during Washington’s administration. Almost all of these acts were open to the objection raised against the act under consideration. See also Campbell v. California200 U. S. 87, 50 L. ed. 382, 26 Sup. Ct. Rep. 182.
In the light of the foregoing, it is our conclusion that this wheel tax is within the power of Congress to enact, and that the judgment of the Police Court must be affirmed.
Affirmed.