## HELENA *v.* DUNLAP.

### Opinion delivered January 22, 1912.

1. MUNICIPAL CORPORATIONS—AUTOMOBILE PRIVILEGE TAX.—Kirby's Digest, section 5649, authorizing cities of the first class to require residents to pay a tax for the privilege of keeping and using wheeled vehicles, in so far as it applies to automobiles, is repealed by Acts 1911, c. 134, section 13, providing that "the owner of a motor vehicle who shall have obtained a certificate from the Secretary of State as hereinbefore provided shall not be required to obtain any other license or permits to use and operate the same." (Page 133.)

2. CONSTITUTIONAL LAW—CLASS LEGISLATION.—Legislation pertaining merely to members of a class, such as the owners of automobiles, is not a denial of the equal protection of the laws where it affects alike all persons of the class affected. (Page 136.)

Appeal from Phillips Circuit Court; *Hance N. Hutton*, Judge; affirmed.

### STATEMENT BY THE COURT.

Helena is a city of the first class, and its council passed an ordinance, requiring the residents of said city, owning and using vehicles of any description whatever, except bicycles, upon the streets of the city, to obtain a license from the city collector for the privilege. J. B. Dunlap was a resident of the city, and

owned and operated upon its streets an automobile for his private use. He obtained a license in compliance with the provisions of Act No. 134, passed by the General Assembly of the State of Arkansas at its 1911 session, but refused to obtain a license from the city collector as required by the ordinance. He was duly arrested and convicted in the police court for a violation of the ordinances. On appeal to the circuit court, Dunlap was discharged, the court holding that under the provisions of Act 134 of the General Assembly at its 1911 session, the ordinance was void as to persons owning and operating automobiles for private purposes only. The city of Helena has duly prosecuted an appeal to this court.

*W. G. Dinning*, city attorney, for appellant.

1. The terms of Act No. 134, Acts 1911, are not repugnant to section 5649, Kirby's Digest. The purpose of the act is undoubtedly to provide for uniformity of regulation of the operation of machines over the highways and streets of the State to the end that drivers may not be subjected to varying local restrictions in different municipalities.

It can not be insisted that the provision in section 13 of the act that no owner of such vehicle shall, after he has complied with the provisions of the act, "be required to obtain any other license or permit to use and operate the same," is sufficient to take away the right of a city of the first class to impose a tax upon automobile owners as in the case of owners of other kinds of vehicles. Neither does the provision to the effect that such owner, after having complied with the provisions of the act, shall not be "excluded or prohibited or limited in the free use of his said motor vehicle," relate directly or indirectly to the power of municipalities to require such owner to pay a tax. Municipalities are not referred to in this connection in any manner whatever.

2. If, however, it should be found that there is a repugnancy between the two acts, then that part of the later act which is repugnant to the former statute is void and inoperative because it creates an unlawful and unreasonable discrimination between citizens. 70 Ark. 549; 75 Ark. 542, 545; 85 Ark. 509.

*John I. Moore*, for appellee.

1. The act in terms repeals all acts and ordinances in

conflict therewith. It is inconsistent with and repugnant to section 5649, Kirby's Digest, and therefore repeals it by implication, if not in terms. See sections 13 and 20 of the act. The act covers the "entire ground of the subject-matter of the former statute." 70 Ark. 25, 27.

2. The act is constitutional. 74 N. E. 1035; 70 Ark. 549; 87 Pac. (Cal.) 481.

HART, J., (after stating the facts). The ordinance in question was passed pursuant to the authority conferred by section 5649 of Kirby's Digest. The statute is as follows: "Cities of the first class are hereby authorized to require residents of such city to pay a tax for the privilege of keeping and using wheeled vehicles, except bicycles, but such tax shall be appropriated and used exclusively for repairing and improving the streets of such city."

In the case of Fort Smith v. Scruggs, 70 Ark. 549, the act was held valid. The court said: "The act, we think, plainly shows that there was no intention to authorize a tax upon vehicles or other property. It authorizes only a tax upon the privilege of keeping and using vehicles upon the streets of the city, and it requires that this tax shall be used exclusively for repairing and improving the streets of the city."

It is conceded that the only question presented by this appeal is to determine whether or not section 5649 of Kirby's Digest, in so far as it applies to automobiles, was repealed by Act No. 134 of the acts of the General Assembly of the State of Arkansas at its 1911 session. The latter act contains twenty sections, and section 13, which particularly applies to the question at issue, is in part as follows: "The owner of a motor vehicle who shall have obtained a certificate from the Secretary of State as hereinbefore provided shall not be required to obtain any other license or permits to use and operate the same. * * * Except in this section provided, no city, town or village or other municipality shall have power to make any ordinance, by-laws, or resolutions limiting or restricting the use of (or) speed of motor vehicles, and no ordinance, by-laws or resolution heretofore or hereafter made by any city, village or town or other municipal corporation within the State, by whatsoever name known or designated in respect to or limiting the speed of motor vehicles, shall have any force, effect or va-

lidity, and they are hereby declared to be of no validity or effect."
The section also contains a proviso that nothing in the act
contained shall be construed to affect the power of municipal
corporations to make and enforce ordinances, rules and regula-
tions affecting motor vehicles which are used within their
limits for public hire.

Section 20 defines the public highways and local officers
governed by said act:

"Section 20. Public highways shall include any highway,
county road, State road, public street, avenue, alley, park,
parkway, driveway, or any other public road or public place
in any county, city or village, incorporated town or towns.
Local authorities shall include all officers of counties, cities,
villages, incorporated town or towns and townships."

There was no express repeal of section 5649 of Kirby's
Digest by the statute enacted in 1911. In regard to repeals
by implication, in the case of *Wilson* v. *Massie*, 70 Ark. 25,
the court said: "The rule is that where the Legislature takes
up a whole subject anew, and covers the entire ground of the
subject-matter of a former statute, and evidently intends it as
a substitute for it, the prior act will be repealed thereby, although
there may be no express words to that effect, and there may be
in the old act provisions not embraced in the new."

The statute, enacted in 1911, is very broad in its terms.
It is plain that it intended to regulate the use of automobiles
throughout the entire State, and, with certain exceptions
stated in the act, to prescribe the only rules in respect thereto.
The act provides that the owners of motor vehicles shall obtain
a license from the Secretary of State and pay a fee therefor,
and, when that is done, he shall not be required to obtain any
other license or permit to use and operate the same. The act
further regulates the speed of motor vehicles on the public
highways and the streets of cities and towns, and expressly
provides no city or town shall have power to make any ordi-
nance limiting or restricting the use of or speed of motor vehi-
cles, and that no ordinance heretofore or hereafter made in re-
spect to limiting the speed of motor vehicles shall have any force,
effect or validity and is declared to be of no validity or effect.
Cities and towns are given the power to make rules and regula-
tions in respect to motor vehicles used for hire. In fact,

authority that cities and towns may exercise with respect to the use of motor vehicles are expressly enumerated in the act, and all other powers with regard thereto are expressly prohibited.

In discussing a precisely similar question, in the case of *Buffalo* v. *Lewis*, 192 N. Y. 193, the court held (quoting from syllabus): "The motor vehicle law (L. 1904, ch. 538) was clearly designed as a new, complete and general enactment to take the place of all the previous statutes, ordinances or rules relating to the use of motor vehicles upon the streets and highways of this State, and must be held to have repealed all former statutes relating to such subject-matter, even if such former acts are not in all respects repugnant to its provisions. The common council of the city of Buffalo had, therefore, no power, in 1907, to enact an ordinance in pursuance of the provision of chapter 31 of the Laws of 1904, amending section 17 of the city charter (p. 1891, ch. 105), and authorizing it to enact an ordinance imposing a tax upon the owners of motor vehicles for the privilege of operating them upon the streets of such city, since the provisions of the statute in question must be considered as repealed by the subsequent enactment of the motor vehicle law, and that statute expressly provides that, with certain exceptions not applicable to the question under consideration, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring of any owner or operator of a motor vehicle any license, or permit, to use the public highway contrary to or inconsistent with its provisions." In discussing the subject the court said:

"In this case the intention of the Legislature to repeal all laws inconsistent with and contrary to it and to make the act complete and exclusive is further shown in reserving to municipalities the right to limit by ordinance, rule or regulation the speed of motor vehicles on the public highways, and to make, enforce and maintain further ordinances, rules or regulations affecting motor vehicles which are offered for public hire." See also *State* v. *Thurston*, 28 R. I. 265, 66 Atl. 580.

We think it plain that the two statutes are inconsistent, and that the act of 1911 was intended to supplant the prior statute with respect to the use and regulation of motor vehicles. The later act was evidently intended to cover the whole subject,

and its provisions are full and complete in that respect. The provisions of the two statutes as to motor vehicles are in direct conflict, and the prior act must give way to the later statute on the subject. Statutes having for their object the regulation of the use and operation of motor vehicles in the streets, roads and highways of the State are generally upheld as a valid exercise of the police power, and are not unconstitutional as class legislation. In determining the constitutionality of a statute of this kind, the Supreme Court of Illinois in the case of *Christy* v. *Elliott*, 216 Ill. 31, said: "It is a matter of common knowledge that an automobile is likely to frighten horses. It is propelled by a power within itself, is of unusual shape and form, is capable of a high rate of speed, and produces a puffing noise when in motion. All this makes such a horseless vehicle a source of danger to persons travelling upon the highway in vehicles drawn by horses."

Such laws as the act here in question have never been regarded as class legislation. Simply because they affect one class and not another, inasmuch as they affect all members of the same class alike, and the classification involved in the law is founded upon a reasonable basis, if these laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply. They are then public in character, and of their propriety and policy the Legislature must judge. (Cooley's Const. Lim. [16 ed.] 479-481). In *Barbier* v. *Connolly*, 113 U. S. 32, the Supreme Court of the United States said "Class legislation, discriminating against some and favoring others, is prohibited; but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment which amendment referred to by the court is the Fourteenth Amendment to the Constitution of the United States, which provides that 'no State shall * * * deny to any person within its jurisdiction the equal protection of the laws.'" *Christy* v. *Elliott*, 216 Ill. 31, 3 A. & E. Ann. Cases, 487, and case note, 1 L. R. A. (N. S.) 215, and case note; *State* v. *Swagerty*, 203 Mo. 517, 11 A. & E. Ann. Cas. 725, and case note; *Mahoney* v. *Maxfield*, 102 Minn. 377, 12 A. & E. Ann. Cas. 289, and case note. Motor cars

are large, powerful and capable of great speed; and, if carelessly handled, are very dangerous to the travelling public. They can be run a great distance in one day, and it is well known that the owners of automobiles do not confine the use and operation of their cars to the limits of the city or town in which they reside; but frequently drive long distances in the surrounding country and to other cities and towns. On the other hand, it is well known that vehicles drawn by horses or other animals are chiefly used in the city where their owners reside. Therefore the Legislature saw fit to leave to cities of the first class the authority to tax resident owners on the privilege of using vehicles drawn by muscular power, and to provide new and exclusive rules and regulations as to the use and operation of motor vehicles. As to the wisdom and expediency of passing the act, we have no concern. The statute is plain, and was within the power of the Legislature to enact.

The judgment will therefore be affirmed.