McDonald v. City of Paragould.

Opinion delivered October 4, 1915.

MUNICIPAL CORPORATIONS—AUTOMOBILE LICENSES—PASSENGER SERVICE.—A city ordinance provided for the payment of a license fee by automobile owners when passengers were transported for hire within the limits of the city. Defendant transported passengers only between a point inside the city and a point outside the city limits. *Held*, defendant was not required to procure a license under the ordinance.

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; reversed.

STATEMENT BY THE COURT.

The city of Paragould enacted an ordinance prescribing a license fee of $15, and providing:

"Every person owning, keeping or running any hackney coach, automobile or any other vehicle or conveyance for the transportation of passengers for hire within the

limits of the city of Paragould is hereby required to take out and procure a license from the city clerk for each hackney coach, automobile or other vehicle or conveyance so used.''

Appellant resides in the city and owns and keeps an automobile therein upon which he paid the State license, and which was used in carrying passengers for hire from within the city limits to the fair grounds outside thereof, and from the fair grounds back to different portions of the city, and from within the city limits to the town of Walcott, twelve miles distant, and from Walcott back into the limits of the city of Paragould. He at no time carried persons for hire from one point to another within the city limits. He refused to pay the license required by the ordinance and was convicted and fined for a violation thereof, and, upon appeal to the circuit court, was again convicted, and prosecuted this appeal from the judgment of conviction.

*M. P. Huddleston* and *Robert E. Fuhr,* for appellant.

Under the agreed statement of facts, there was no violation of the ordinance. There is no ambiguity in it. ''Within the limits of the city'' can have but one meaning. To construe the ordinance so as to authorize the city of Paragould to regulate a transaction like this, would be to give its ordinance extra-territorial effect, contrary to law. In attempting to enforce the ordinance as against the appellant, the city seeks to exercise a police power in the regulation of a business not confined to the boundaries of the city, a power which has not been conferred upon it by the Legislature. See Act 134, Acts 1911. It is inconsistent for two or more municipalities each to have power to regulate the same thing or transaction. If the city of Paragould has the power to regulate this business, the other municipalities to and from which appellant carries passengers have equal power, and will not be backward in exercising it, which would result in endless confusion, and become unreasonably burdensome. 56 Mass. 562, 48 Am. Dec. 679; 28 Cyc. 266; *Id.* 703; 52 S. E. (Va.) 174; 41 Pac.

(Cal.) 1093; 64 S. E. 944; 331 Pa. 15; 51 Mo. 122, 11 Am. Rep. 440; 43 Ill. App. 276; 2 Pa. Co. R. 326; 31 Pa. St. Rep. 15; 54 Ill. App. 87.

*J. C. Shane,* for appellee.

Section 5454, Kirby's Digest, is authority for the enactment of the ordinance, and it is not superseded or repealed by the "motor vehicle law," Act 134, Acts 1911, in so far as the facts in this case are concerned.

The power of a city to regulate includes the power to tax as a means of regulation. 43 Ark. 82; 70 Ark. 28; 88 Ark. 263.

Hauling passengers for hire from a point within the city to some point without does not imply that the party doing the hauling is not hauling within the city for hire; and the fact that the owner of an automobile goes upon the streets, contracts to transport and does transport passengers for hire, is doing business within the limits of the city, regardless of whether or not the passengers are transported to some point without the city. It is not to be implied that, because the Federal Government has power to regulate interstate commerce, a city may not regulate the proportionate part of any business originating and being done within its limits, if given power in the first place by legislative enactment to regulate such business.

The State *may* regulate intercity business, but a city may also regulate that part of it originating and being done within the city's limits. 56 Ark. 350.

SMITH, J., (after stating the facts). The authority of the city to enact the ordinance under section 5450 of Kirby's Digest is not questioned, and there is no contention that the license fee required to be paid thereunder is unreasonable. It is contended only that the city is without power to regulate or restrict the operation of automobiles outside its limits, and that the business carried on by appellant was not within the limits of the city and subject to regulation by it under the terms of the ordinance.

It is argued in support of this contention that if the city of Paragould, within which the passengers were collected and discharged in the business of carrying to and from the fair grounds beyond the city limits and to and from the other town, has the power to require the payment of any such license, that each city or town through and into which the automobile might go upon its different trips would have a like power and that the payment of a license to each of them would be so onerous and burdensome as to be absolutely prohibitive, and that only that municipality in which the business or occupation is wholly carried on or conducted has any such power.

There is no attempt upon the part of the city to extend its jurisdiction beyond its territorial limits in the passage of the ordinance, and it has already been held that the owner of an automobile or motor vehicle shall not be required to obtain any other license or permit to use and operate the same, than that required by Act 134 of the Acts of 1911.   *Helena* v. *Dunlap,* 102 Ark. 131.

But section 13 of said act expressly declares it shall not be construed "to affect the power of municipal corporations to make and enforce ordinances, rules and regulations affecting motor vehicles which are used within their limits for public hire."

The court is of opinion that the ordinance, properly construed, means only to require the owner or keeper of an automobile "for the transportation of passengers for hire within the limits of the city" to pay the license fee, and, since the appellant did not keep or operate his automobile for the transportation of persons for hire from and to points within the city, that he was not using it for transportation of passengers for hire within the limits of the city, in violation of the ordinance.

The terms of the ordinance are satisfied by holding that license taxes are to be imposed only by that municipality in which the business or occupation is carried on or conducted.   *Bennett* v. *Birmingham,* 31 Pa. 15; *Cary* v. *North Plainfield,* 49 N. J. Law, 110, 7 Atl. 42; *Common-*

*wealth* v. *Stodder,* 56 Mass. 562, 48 Am. Dec. 679; *Gettysburg* v. *Zeigler,* 2 Pa. Co. R. 326.

Appellant's business, not being conducted within the city limits, a refusal to pay the license did not constitute a violation of the ordinance, and the judgment is reversed and the cause dismissed.

Mr. Justice KIRBY thinks the judgment should be affirmed, and dissents from the court's opinion. He is of opinion that the statutes authorize the passage of such an ordinance which, by its terms, necessarily includes the business of operating an automobile for the transportation of passengers for hire within the city limits, whether the journey of the passenger is begun and completed therein, or not. That since appellant took on his passengers at any place in the city designated by him or where persons desired to embark, and, returning from outside the limits, discharged passengers likewise, and kept his machine within the city where such business was conducted, that he was violating the ordinance in the conduct thereof; that the city not only had the authority to fix the license for the carrying on of business, as conducted by appellant, but has done so in the passage of the particular ordinance. *Arkadelphia Lumber Co.* v. *Arkadelphia,* 56 Ark. 370.