No. 12,688.

CITY OF CANON CITY v. KAUFFMAN
(12 P. [2d] 1114)

Decided June 6, 1932. Rehearing denied June 27, 1932.

Mr. A. L. Taylor, Mr. E. H. Stinemeyer, for plaintiff in error.

Messrs. Chinn & Strickler, Mr. Ben S. Wendelken, for defendant in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

Kauffman was prosecuted for the alleged violation of an ordinance of Canon City, an incorporated city of the second class, and from an order of discharge the city brings error. The matter was submitted on stipulated facts. It appears that Kauffman was an employee of Conway Brothers, who were in the enjoyment of a certificate of public necessity and convenience issued by the Public Utilities Commission of Colorado, pursuant to which they operated motor vehicles in the transportation of persons for hire, at rates fixed by the commission, from points in El Paso county to scenic points in the Pike's Peak region, and return; that among the drives offered by them was what is known as the "Big Circle" trip, having its origin in El Paso county, thence over public highways to Cripple Creek mining district, to and through Canon City, to the top of the Royal Gorge and over Skyline Drive, and to the starting point; that on such trips short stops would be made in Canon City and Royal Gorge, at the latter place that passengers might obtain refreshments and enjoy a more protracted view of the scenery; that no business was solicited or accepted other than at the beginning, Colorado Springs, Manitou or Broadmoor, all in El Paso county; that Royal Gorge is held by Canon City under an act of Congress, and that portion of Skyline Drive not within the corporate limits proper is owned by the city. It further appears that on the day set forth in the charge Kauffman,

who was driving one of Conway Brothers' motor vehicles used in the business of conveying passengers for hire made the so-called Big Circle trip, and that during the progress stopped momentarily in the city and somewhat longer at Royal Gorge, and returned by the Skyline Drive and over the public highways to the starting point in El Paso county; that on the trip passengers were accepted only at the begining and for the round trip, and at the legal tariffs. Conway Brothers' office was in Colorado Springs and only there did they transact business pertaining to the matters involved here.

Whether a public utility may be required to procure a license from a municipality over whose streets and ways and controlled environs such public utility's instruments of service must pass in the discharge of the function authorized by the state, has been ably and exhaustively argued, and counsel may well be complimented on their research and exposition of the law; but in our view the record is not apt for a decision on that point. The defining portion of the ordinance alleged to have been violated reads as follows: "The right, privilege and franchise to operate an automobile, automobile busses, and/or other conveyances for hire in the city, over, in and upon any of the parks, over and upon the roads, boulevards and highways owned or controlled by the City, shall be created and exercised only in accordance with, and subject to licenses issued by the City Council * * *." The ordinance, properly construed, means that the owner or operator of an automobile or other vehicle for hire in the city and controlled territory must procure a license. Here, as plainly stipulated, Kauffman did not keep or operate a motor vehicle for hire within the limits fixed by the ordinance, nor did he use it for the transportation of passengers from and to points therein. The terms of the ordinance are satisfied by holding that it requires procurement of license only for business originating and concluding within such limits. *McDonald v. City of Paragould*, 120 Ark. 226, 179 S. W. 335. The

Arkansas court made its determination on careful analysis of a similar ordinance and on other facts quite like those stipulated here.

The sum of our holding is that nothing done by Kauffman came within the language of the ordinance requiring the procurement of a license. It follows that the trial court rightly discharged him.

The judgment is affirmed.