Margaret A. MULLEN, (Plaintiff) Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a corporation, (Defendant) Appellant.

No. 31475.

St. Louis Court of Appeals.

Missouri.

July 21, 1964.

Motion for Rehearing or for Transfer to Supreme Court Denied Aug. 14, 1964.

Donald W. Bird, St. Louis, for appellant.

Walter S. Berkman, St. Louis, for respondent.

FRANK D. CONNETT, Jr., Special Judge.

This is an appeal from the trial of a suit for damages for a personal injury suffered by plaintiff while a passenger on defendant St. Louis Public Service Company's streetcar in St. Louis City. Plaintiff, a woman eighty-one years of age, and others boarded the defendant's streetcar at a stop just west of Grand Avenue on the south side of Olive Street. The streetcar, operated by Chester A. Daugherty, was headed east and after the passengers had boarded, but before plaintiff was seated, the streetcar started up and attained a speed of ten to fifteen miles per hour. A driveway leading from a parking lot was about 140 feet east of Grand Avenue, on the north side of Olive Street. One, Charles Lofton, drove an automobile from this driveway and in making a right turn to travel west nearly collided with defendant's streetcar. Defendant's operator made an emergency stop which caused plaintiff to fall and injure her back.

The plaintiff's theory of recovery was that defendant's operator failed to keep a lookout and that this failure was negligence and because of this failure the operator did not observe the Lofton car until too late to warn him, or to make a slow stop. Therefore, he made a sudden stop and caused plaintiff to fall. This theory is evidently grounded upon the case of Oblamski v. St. Louis Public Service Company, Mo.App., 251 S.W. 2d 344, where it is stated at page 346:

> "In the case at bar it was the duty of the operator of the bus approaching

14th and Clark Avenue, when he saw or could have seen the automobile approaching the intersection from the left at a right angle, and knew or should have known that the two vehicles were converging, to take cautionary steps to avoid injury to his passengers. It was his duty to issue a warning to alert the oblivious driver of the automobile, or to so regulate and reduce the speed of the bus that it could be decelerated or stopped *gradually* and with safety to the passengers if ·danger of collision with the automobile should thereafter arise."

The trial was held before the Honorable J. Casey Walsh, Judge of the Circuit Court in the City of St. Louis. Plaintiff received a verdict from the jury in the amount of $10,000.00. Judgment was granted. Defendant, St. Louis Public Service Company appeals.

The first allegation of error is that the trial court should have sustained its motion for a directed verdict filed at the close of all of the evidence because plaintiff failed to submit substantial evidence that the operator of defendant's streetcar could have or would have avoided bringing its streetcar to a sudden stop had the operator kept a different lookout, or that the keeping of a lookout would have avoided the injury.

■ The evidence was that defendant's operator saw the Lofton car as it came out of the driveway. The evidence is not clear whether defendant's operator continuously observed the Lofton car up to the time of the sudden stop. However, the jury could have found from the evidence submitted that defendant's operator first saw the Lofton car 115 feet away, and that the streetcar was traveling 15 miles per hour (22 feet per second); that nothing obstructed his view and that the Lofton car was approaching slowly (no more than 3 miles per hour) on a converging course; that this situation existed for three seconds, long enough for the streetcar to travel 65 feet; that suddenly 45 to 50 feet from the driveway, defendant's

operator apprehended the danger of a collision and made a sudden emergency stop. From this set of facts the jury reasonably could have inferred that defendant's operator did not keep a proper lookout and that if he had, he would have become aware of the danger of a collision sooner, and he would have had time to avoid the sudden stop by sounding a warning bell or slowing down gradually.

Plaintiff's verdict directing instruction No. 1 was as follows:

"The Court instructs the jury that it was the duty of the operator of the streetcar to exercise the highest degree of care in operating same for the safety of the passengers riding therein.

"In this connection, you are instructed that if you find and believe from the evidence that on the occasion in question, the plaintiff was a paying passenger on the eastbound streetcar described in evidence which was operated by an employe of defendant St. Louis Public Service Company; and if you further find that while plaintiff was walking toward the rear to find a seat said streetcar was moving eastwardly and downgrade in the 3500 block of Olive Street at approximately 15 miles per hour; and if you further find that when the front end of the streetcar was approximately 25 feet east of the east curbline of Grand Avenue, Mr. Lofton was starting to drive an automobile southwardly from the parking lot described in evidence onto Olive Street; and if you further find that at said time and while the streetcar continued to move eastwardly on Olive Street, the operator thereof failed to exercise the highest degree of care to keep and maintain a careful watch and lookout ahead and laterally; and if you further find that in so failing, the operator failed to exercise the highest degree of care for the safety of his passengers and was negligent; and if you further find that as a direct result of such negli-

gence, if you so find, the operator failed to observe the automobile as it was being driven by Mr. Lofton southwardly from said parking lot onto Olive Street, failed to sound a warning of the approach of said streetcar, and failed to reduce the speed of said streetcar until said automobile was in close proximity to the path of said streetcar; and if you further find that at said time the operator then caused the speed of said streetcar to be retarded suddenly and as a direct result thereof plaintiff was caused to fall backward to the floor of said streetcar and was injured, then your verdict should be in favor of the plaintiff, Margaret Mullen, and against the defendant, St. Louis Public Service Co."

■ Appellant complains that this instruction is prejudicial for a number of reasons:

(A) That there was no substantial evidence submitted to support the instruction. The above outline of the evidence refutes this charge.

(B) A portion of plaintiff's verdict directing instruction reads as follows:

" * * * and if you further find that * * * the operator thereof failed to exercise the highest degree of care to keep and maintain a careful watch and lookout ahead and laterally; and if you further find that *in so failing,* the operator failed to exercise the highest degree of care for the safety of his passengers *and was negligent; * * *.*"

■ Appellant contends that the underlined portions thereof improperly assume that defendant's operator failed to keep a proper lookout and that defendant was negligent. We do not so read the instruction.

(C) The instruction required the jury to find:

" * * * that when the front end of the streetcar was approximately 25 feet east of the east curbline of Grand Avenue, Mr. Lofton was starting to drive an automobile southwardly from the parking lot described in evidence onto Olive Street."

Appellant contends that there was no substantial evidence from which the jury could have found this fact. On page 42 of this transcript the following testimony from Chester A. Daugherty, the opeartor of defendant's streetcar appears:

"(Q). Well, anyway when the front of your car, let's say was even with this loading zone, which there is evidence is some twenty-two—twenty-seven feet, was there anything to prevent you from seeing what was coming out of the parking lot?"

(There was an objection interposed, and the following questions):

"(Q) I'm asking him if he could see what was going on in the parking lot, cars coming out, if any were?  A. Well, yes, I could see if there were cars coming out of the parking lot.  Q.  Did you look at that point?  A. Yes.  Q.  You did?  A.  Yes.  Q. What did you see?  A.  I saw a car coming out of the parking lot."

On page 24 of the transcript the witness Virgil Weisner, a photographer, located by the use of photographs, what must have been this loading zone as an area 12 feet long, beginning 15 feet (the building line) from the east curb line on Grand Avenue. Plaintiff's attorney in examining the witness Daugherty did not make it clear in the record as to what exhibit he is referring to, but by examining all of the photographs offered and the testimony of Mr. Weisner and Mr. Daugherty, it appears there was evidence offered from which the jury could find that the streetcar was approximately 25 feet east of the east curb of Grand Avenue at the time the Lofton car left the parking lot.

■ (D) Defendant further complains that under this instruction the plain-

tiff could recover upon the theory that defendant was negligent in failing to take evasive action, even though the jury found that defendant's operator did so upon the first reasonable appearance of danger. Defendant contends that in making and submitting a primary negligence case on failing to keep a proper lookout, plaintiff must prove and submit that defendant did in fact fail, or was chargeable with failure, to see or discover the Lofton car at the first reasonable appearance of danger, and that defendant had the present means and ability to have avoided the casualty had the lookout been kept. He cites Moore v. Ready Mixed Concrete Company, Mo., 329 S.W.2d 14, 1. c. 24, 25; Creech v. Riss and Company, Mo., 285 S.W.2d 554, 1. c. 562. If plaintiff had submitted his case on primary negligence in failure to warn or slow, then defendant's complaint would be valid, and plaintiff would be required to submit to the jury that defendant's operator knew or should have known the imminence of the collision before they could find a breach of the duty to warn or slow. Stakelback v. Neff, Mo.App., 13 S.W.2d 575. However, in the case at bar, plaintiff submitted simply on the failure to keep a lookout. Under such a submission plaintiff is not required to submit to the jury the question of defendant operator's knowledge of the danger or imminence of a collision. The operator's knowledge of such is but an evidentiary circumstance. Horrell v. St. Louis Public Service Company, Mo., 277 S.W.2d 612. Nydegger v. Mason, Mo., 315 S.W.2d 816, 819. The fact that plaintiff by specifying "failure to warn" and "failure to slow" chose to restrict the means by which defendant's operator might have avoided the necessity of a sudden stop had he kept a proper lookout is no ground for complaint by defendant who was the beneficiary of such restriction. See Moore v Ready Mixed Concrete Company, supra.

■ (E) Next, defendant complains that the last six lines of Instruction No. 1, required the jury to find that plaintiff's fall and injury was caused by "sudden retard-

ing" of the speed of the streetcar but did not require a finding that the action of the operator causing the "sudden retarding" of the speed of the streetcar was negligence. In response to this complaint we point out again that plaintiff's submission was on the failure to keep a lookout and not a negligent "sudden retarding" of the speed of the streetcar when the operator finally became aware of the imminence of a collision.

■ (F) Defendant contends that its duty in the operation of its streetcar is to exercise ordinary care rather than the highest degree of care required by Instruction No. 1. Defendant cites Melton v. St. Louis Public Service Company, 363 Mo. 474, 251 S.W.2d 663. However, that case involved injury to a pedestrian, not injury to a passenger. Although such may be the rule when the duty runs to other vehicles or pedestrians, the duty in this case runs to a passenger. Therefore, the standard is that of the highest degree of care. State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499, 1. c. 508.

The court at the request of the defendant gave Instruction No. 2 which excused the defendant if its operator was confronted by a sudden emergency:

"* * * if you further find that Mr. Daugherty was at all times and under all the circumstances then and there existing exercising the highest degree of care for the safety of plaintiff and did not negligently cause or contribute to cause such emergency and could not, in the exercise of said degree of care have anticipated such emergency, if you find there was an emergency. * * *"

Then at the request of plaintiff the court gave Instruction No. 3, as follows:

"The Court instructs the jury that if you find and believe from the evidence that at the time the operator reduced the speed of the streetcar sud-

denly, the Lofton automobile was in close proximity to the path of said streetcar; and if you further find that prior thereto and at the time Mr. Lofton was starting to drive the automobile southwardly from the parking lot described in evidence and onto Olive Street, the operator of the streetcar, in the exercise of the highest degree of care for the safety of his passengers, could have observed said automobile moving southwardly in the direction of the eastbound streetcar tracks, and at that time said operator should have given a warning of the approach of the streetcar and should have reduced the speed of said streetcar so that the same could be decelerated or stopped gradually if danger of collision with said automobile did thereafter arise, but failed so to do; and if you further find that in so failing, said operator failed to exercise the highest degree of care for the safety of his passengers and was negligent; and if you further find that such negligence, if you so find, of said operator directly contributed in part to cause an emergency or danger of collision with said automobile which thereafter arose, if you do find that an emergency or danger of collision did thereafter arise, then you are instructed that said operator is not excused from his action in reducing the speed of the streetcar suddenly on the ground that he was confronted with a sudden emergency, if any, or because there was then danger of collision, if any, with said automobile."

Under Point III, defendant citing Stakelback v. Neff, supra, and other cases supporting the proposition, contends that there was no duty on the part of its operator to take evasive action until it became reasonably apparent that there was a danger of collision. Defendant complains that Instruction No. 3 permitted the jury to return a verdict against it upon the mere finding that its operator failed to take evasive action at a time when there was no danger of a collision. This might be true if Instruction No. 3 did permit the jury to return a verdict, but it does not do this. It was not a verdict directing instruction. It instructs the jury that defendant is not excused by an emergency (obviously referring to Instruction No. 2), if its operator was negligent in any of several certain ways hypothesized in the instruction, and that such negligence caused the emergency. Such, of course, is the law. Rohde v. St. Louis Public Service Company, Mo., 249 S.W.2d 417. This case was submitted to the jury on failure to keep a proper lookout in Instruction No. 1. Instruction No. 3 simply hypothesized facts which, if the jury found to be true, would not excuse defendant's operator on the ground he was confronted with a sudden emergency.

Lastly, under Point No. IV, defendant complains of Instruction No. 5 which was as follows:

"The Court instructs the jury that if you find from the evidence that the defendant's employe was negligent in the operation of the streetcar as submitted to you in Instruction No. 1; and if you further find that such negligence of the streetcar operator directly caused or directly contributed in part to cause plaintiff to suffer injuries, then you are instructed that the plaintiff is entitled to recover damages for such injuries from defendant St. Louis Public Service Company; and this is so even though you might further find that the acts, conduct or omissions, if any, of Mr. Lofton in operating the automobile described in evidence, may have concurred and *combined with the negligence of the streetcar operator* to cause plaintiff to suffer injuries."

Defendant contends that the emphasized portion assumes the controverted fact of the defendant's negligence. The point is without merit. The first clause of this instruction plainly requires the jury to find defendant's employe negligent. The in-

struction did not purport to cover the entire case or direct a verdict.

The judgment is affirmed.

WOLFE, Acting P. J., and ANDERSON, J., concur.