Charles T. SCHNEIDER, Plaintiff-
Respondent,

v.

BI–STATE DEVELOPMENT AGENCY,
Defendant-Appellant.

No. 33308.

St. Louis Court of Appeals.

Missouri.

Nov. 18, 1969.

John A. Walsh, Jr., St. Louis, for defendant-appellant.

William A. Boles, St. Louis, for plaintiff-respondent.

BRUCE NORMILE, Special Judge.

The question presented by this appeal relates to the degree of care required in the operation of a streetcar towards pedestrians or the occupants of other vehicles.

Plaintiff was a passenger in an automobile involved in a collision with Defendant's streetcar at the intersection of the Hodiamont streetcar tracks and Page Boulevard in the City of St. Louis. Plaintiff sued for his injuries and recovered a verdict and judgment of $1,000.00.

■ Defendant appeals and urges prejudicial error by the submission of Instruction No. 4 (MAI 11.03) which defined the term "negligence" as *"the failure to use the highest degree of care which means that degree of care that a very careful and prudent person would use under the same or similar circumstances."* (Emphasis added.) Defendant submits that the standard of care required in the operation of streetcars towards those on the streets is one of "ordinary care" rather than one of the "highest degree of care" as submitted in this case. Defendant is correct in this submission.

■ The requirement of the use of the highest degree of care in the operation of *motor vehicles* on the highways of the state was created by statute, Sec. 304.010, RSMo 1959, V.A.M.S. The definition of "vehicle" under Title XIX of the Statutes specifically excepts " * * * those used exclusively on fixed rails or tracks," Sec. 301.010, RSMo 1959, V.A.M.S. The standard of care required in this case should not be confused with the standard of care required of Defendant in its capacity as a common carrier toward its own passengers. That standard is one of the "highest degree of care." Mullen v. St. Louis Public

Service Co., Mo.App., 380 S.W.2d 950. However it does not apply here.

The standard of care required in the operation of streetcars *towards pedestrians* or occupants of other vehicles was stated in Frick v. St. Louis, Kansas City & Northern Railway Company, 75 Mo. 595: "In any case the requisite degree of vigilence may be properly designated by the words 'ordinary care', that is, such care as would be ordinarily used by prudent persons performing a like service under similar circumstances." This standard of "ordinary care" in such cases has consistently been reaffirmed. Murray v. Kansas City Public Service Co., Mo.1933, 61 S.W.2d 334; Melton v. St. Louis Public Service Co., Mo. 1952, 363 Mo. 474, 251 S.W.2d 663; Turnbow v. Dunham, Mo.1917, 272 Mo. 53, 197 S.W. 103; Fortner v. St. Louis Public Service Co., Mo.1951, 244 S.W.2d 10; Kube v. St. Louis Transit Co., 1903, 103 Mo.App. 582, 78 S.W. 55; Turney v. United Rys. Co. of St. Louis, 1911, 155 Mo.App. 513, 135 S.W. 93.

Recognizing the standard of "ordinary care" required by the above cases, Plaintiff-Respondent nevertheless attempts to justify the submission of the "highest degree of care" here on other grounds.

■ One of the Plaintiff's points also goes to the jurisdiction of this court since it purports to raise. a constitutional question. Plaintiff urges that the requirement of a greater degree of care for those using motor vehicles as compared to those operating streetcars is violative of the 14th Amendment, U.S.Constitution, and Article I, Sec. 2, Constitution of Missouri 1945, V.A.M.S. If a constitutional question were presented, this case would have to be transferred to the Supreme Court. However, that is not necessary. The statute, (now Sec. 304.010, RSMo 1959, V.A.M.S.) has been held a valid exercise of the state's police power under a similar attack. State v. Swagerty, 1907, 203 Mo. 517, 102 S.W. 483, 10 L.R.A.,N.S., 601. The Supreme Court will not assume jurisdiction of a case

on the ground that a constitutional question is involved when the identical question sought to be invoked has been settled by prior decisions of the Supreme Court. State ex rel. Doniphan Tel. Co. v. Public Service Commission, Mo.1963, 369 S.W.2d 572, 575 [5]; Swift & Co. v. Doe, Mo. 1958, 311 S.W.2d 15, 21; White v. State, Mo.1968, 430 S.W.2d 144, 148. Even assuming Plaintiff to be correct in his constitutional contention, his argument would not apply to this case. Such a constitutional violation would vitiate only the excessive duty required of the operators of motor vehicles. The lesser duty imposed on streetcar operators would not be diluted or impaired. Only motor vehicle operators could complain. The duty in the instant case would remain that of "ordinary care." That being so, the submission of the "highest degree of care" would remain error. No constitutional question has in fact been presented.

■ Plaintiff-Respondent also suggests indirectly that the City of St. Louis has required the "highest degree of care" in streetcar operation by its vigilant watch ordinance, Sec. 595.020 Revised Code of the City of St. Louis. However, that ordinance was neither pleaded nor put in evidence in this case. An Appellate Court cannot take judicial notice of City Ordinances. Playboy Club, Inc. v. Myers, Mo. 1968, 431 S.W.2d 228; Van Brunt v. Meyer, Mo.App.1967, 422 S.W.2d 364; City of Rolla v. Riden, Mo.App., 349 S.W.2d 255. Thus the ordinance is not in this case and it cannot affect the standard of care to be submitted to the jury.

Lastly, Plaintiff-Respondent urges that the term "ordinary care" is very flexible, requiring in some circumstances merely minimal caution and in others the highest degree of care. Plaintiff argues that extreme caution is required in operating streetcars across a busy city street. He submits in his brief: "It is then apparent that the quality of care a person of ordinary prudence would use under the circumstances of this case is the highest degree of care.

It follows then that under the circumstances of this case the duty imposed by law is the use of the highest degree of care. It therefore was not wrong to so define it for the jury, * * *."

■ In support of this position Plaintiff points out language in Frick v. St. Louis, Kansas City & Northern Railway Company, supra, to the effect that streetcar operators owe the public greater vigilance in the city than in the country and greater vigilance at intersections than in between them. It is true that "ordinary care" is a relative term and its exercise requires such precautions as are commensurate with dangers reasonably to be anticipated under the circumstances. Fortner v. St. Louis Public Service Co., Mo.1951, 244 S.W.2d 10; De Mariano v. St. Louis Public Service Co., Mo., 340 S.W. 2d 735. However, after stating the various situations above, and noting the difference in vigilance required, the opinion in *Frick* immediately went on to say that: *"In any case* the requisite degree of vigilance may be properly designated by the words 'ordinary care' * * *." (Emphasis added.)

Plaintiff also cites Kube v. St. Louis Transit Co., supra, a case involving injury to a child pedestrian struck by a streetcar. Plaintiff suggests that *Kube* holds that the degree of care required by the term ordinary care is very flexible, requiring in some circumstances merely minimal caution, and in others the highest degree of care. *Kube* did hold that "What is ordinary care in one case might be the grossest negligence in another." However, it expressly answers plaintiff's argument on this point when it went on to hold: "The obligation imposed by the law is to take the care that men of common prudence take when confronted by similar situations and conditions; *not what men of extreme prudence might take."* (Emphasis added.) It is also stated in *Kube* that: "It is clear that, though *the varied facts of different situations may not alter the legal standard of care required to avoid an accident,* they often multiply the precautions that must be observed to comply with the standard; * * *." (Emphasis

added.)    Also see Fortner v. St. Louis Public Service Co., supra.

 The standard of care required of Defendant in this case was one of "ordinary care." The standard of care imposed on Defendant by Instruction No. 4 was one of the "highest degree of care." The "highest degree of care" is that degree of care that a very careful and prudent person would use under the same or similar circumstances.   Hodges v. American Bakeries Co., Mo., Banc, 1967, 412 S.W.2d 157. Its submission here imposed an undue burden on Defendant and was prejudicially erroneous.   A similar question was posed in Van Brunt v. Meyer, supra, 422 S.W.2d 1. c. 369 [3] where the standard of care required of the Plaintiff (concerning his contributory negligence) was one of "ordinary care." The standard imposed on him by the instruction offered was that of the "highest degree of care."   This was held reversible error. In a reverse analogy an instruction which placed on Plaintiff the burden of proving Defendant's "ordinary care" rather than the "highest degree of care" was held prejudicial to the defendant in Jungeblut v. Maris, Mo.1943, 351 Mo. 301, 172 S.W.2d 861, 863[7].   Other cases have held instructions prejudicially erroneous because they imposed upon a party a higher duty than that required by law.   Schlegel v. Knoll, Mo.1968, 427 S.W.2d 480, 485[10]; Borgstede v. Waldbauer, Mo., Banc, 1935, 337 Mo. 1205, 88 S.W.2d 373; Oesterreicher v. Grubb, Mo.1938, 119 S.W.2d 307.   Also see Conrad v. Hamra, Mo.App.1923, 253 S.W. 808, 812.

No issues concerning Plaintiff's injuries or damages or the amount of the verdict were raised by the Motion for New Trial or by this appeal.   The transcript filed on appeal does not contain any of the medical evidence.   Thus no error in regard to the damages sustained or the amount of the jury verdict is claimed or appears.   Since a new trial is not required "as to issues in which no error appears," the new trial should be limited to the issue of liability.

Sec. 512.160(3), RSMo 1959, V.A.M.S.   If the verdict is for Plaintiff upon retrial, the court shall enter a judgment in the sum of $1,000.00 against Defendant herein.

The judgment is reversed and the cause remanded for a new trial upon the issue of liability only.

WOLFE, P. J., and BRADY, J., concur.