WILLIE MAY EDMONSTON, Respondent, v. ELMER BARROCK and EVA DAVIS, Defendants, EVA DAVIS, Appellant.

Kansas City Court of Appeals, May 2, 1921.

1. **NEGLIGENCE: Motor Vehicle: Instruction: Degree of Care: Since Act of 1917, Providing Degree of Care to be Used by Operators of Automobiles, an Instruction Requiring Defendant to Use "Highest Degree of Care" is Erroneous, and was Not Cured by Defining "Highest Degree of Care" to Mean Ordinary Care.** In an action for damages for personal injuries caused by collision with an automobile in April, 1920, an instruction declaring defendant should exercise the "highest degree of care," in the operation of an automobile, was erroneous because Session Laws 1917, p. 413, sec. 11, repealing Session Laws 1911, p. 320, sec. 12, subsec. 9, was in force and only required defendant to operate same in a careful and prudent manner, and the definition of the terms, "highest degree of care," contained in said instruction, as meaning ordinary care, did not cure the error.

2. **INSTRUCTION: An Instruction Requiring Defendant to Exercise Higher Degree of Care than Law Required, and Containing Elements of Humanitarian Doctrine not Pleaded is Erroneous.** An instruction which told the jury that if defendant, after discovering plaintiff in a position of danger, could by exercise of that high degree of care have stopped the car before it struck plaintiff, but

failed to use such degree of care to stop said car, was erroneous as requiring too high a degree of care in violation of Session Laws 1917, p. 413, sec. 11, and because it also contained elements of humanitarian doctrine which were not pleaded.

Appeal from the Circuit Court of Nodaway County.— *Hon. John M. Dawson*, Judge.

REVERSED AND REMANDED.

*Ellis G. Cook* and *Cook & Cummins* for respondent.

*Wilkinson, Wilkinson & Dabbs*, and *Charles E. Stilwell* for appellant.

ARNOLD, J.—This is an action for damages for personal injuries caused by a collision with an automobile. The accident occurred at the intersection of Market and 4th streets in the City of Maryville, Nodaway county, Missouri.

Plaintiff, Mrs. Willie May Edmonston, was walking north on the east side of Market street, south of the intersection of said street with 4th street, and had stepped off of the curbing onto the pavement, when she observed a Ford car driven by defendant Elmer Barrock coming from the east on the south side of 4th street, when she stopped. At about the same time an Oldsmobile driven by defendant Eva Davis, coming south in the west side of Market street, had made the proper turn to the west and south of the fountain near the middle of the intersection of the two streets, to go east on the south side of 4th street. The approach of this machine was not observed by plaintiff and she was struck by it, to her great damage. This suit was instituted against the drivers of both cars.

The petition charges that on the——day of April, 1920, "these defendants, each while operating their own automobile, so carelessly, recklessly, negligently and unlawfully operated said cars as to cause the said cars to

collide with each other and as a result the said careless, reckless, negligent and unlawful handling of said cars and the colliding thereof, this plaintiff was struck by one of said cars with such force and violence as to throw her to the pavement and she was run over by the car driven by said Eva Davis, and alleges permanent injuries to head, face, arms and back, impairment of vision, bodily pain and mental anguish.

The answer of defendant Eva Davis is a general denial and especially pleads misjoinder of defendants. Defendant Barrock pleads only a general denial. The verdict was for plaintiff and against both defendants in the sum of $3,000, and Eva Davis appeals.

Defendant urges as grounds for reversal (1) that the court erred in giving plaintiff's instruction No. 1 because said instruction required defendant Davis to exercise the ''highest degree of care,'' urging that this is not the law.

Sub-section 9 of section 12, of Session Laws of 1911, p. 330, required ''highest degree of care'' in operating automoblies along or across public roads, streets avenues, alleys, highways and places much traveled. This act was repealed by Session Laws of 1917, effective January 31, 1918, and since said last named date the degree of care, required, as in section 11 of the Act, p. 413, is as follows: ''Every person operating a motor vehicle on the public highway of this State shall drive the same in a careful and prudent manner, and at a rate of speed so as not to endanger the property of another or the life or limb of any person.''

Defendant's complaint of the instruction in question is especially directed to the following language incorporated therein: ''. . . it was their duty in the operation of their respective cars on said streets to exercise and use the highest degree of care and caution to avoid injury to other persons who might be and were at the time standing upon or traveling along the said streets.''

Clearly this was error when given in the face of the statute of 1917 above referred to. Counsel for plaintiff, however, contend that the error, if any, was cured by the court in the language immediately following in said instruction, viz., "by the term 'highest degree of care' as used in this instruction is meant that degree of care and caution that would be used by an ordinarily prudent person who was a competent driver of an automobile under like conditions and circumstances."

The accident is alleged to have occurred in April, 1920, and therefore the degree of care required is that defined in the act of 1917. Under that act, defendants were not required to exercise the highest degree of care in the operation of their automobiles, and the instruction should not have so declared. It is true the instruction defines "highest degree of care" as meaning ordinary care, but defining one as meaning the other does not make it so. The Legislature of 1917 evidently recognized the difference and the repeal of the act of 1911 was the result

This court in Central Coal & Coke Co. v. Railway, 215 S. W. l. c. 919, held a certain instruction erroneous because "it declared to the jury that it was the duty of defendant's servants in charge of the engine to use 'more than ordinary care' when crossing Lydia avenue . . . It is true that the greater the danger, the greater the care which should be used. It is but common prudence to keep a sharper lookout in crossing a street in a city than on a road in the country. But it is only ordinary care in either instance."

In the case at bar, the care required of defendants was that degree of care required of ordinarily careful and prudent persons in the same or similar circumstances. Plaintiff maintains that an instruction must be read altogether and that defendant cannot pick out a clause in the body of an instruction and predicate an error thereon without taking into consideration the instruction as a whole.

This argument while ingenious is not highly impressive.    The error was committed when the term "highest degree of care" was incorporated in the instruction and was not cured by the definition following, for words must be accepted in their common and ordinary usage.

In instruction No. 2 the jury were told "if you further find from the evidence that the defendant Davis, after discovering that plaintiff was in such a position of danger, could have by the exercise of that *high* (italics ours) degree of care defined in this instruction stopped her car before it struck plaintiff, but that on the contrary she failed and neglected to use such degree of care to stop her car," etc.  It must be concluded that this instruction also was erroneous and for the same reasons given above.   Further this instruction is erroneous because it incorporates the elements of an instruction under the humanitarian or last chance doctrine, which was not pleaded in the petition, and therefore widens the issues presented by the pleadings.

The errors above mentioned, of course, would be held harmless if it appeared that they could not have affected the result; but we cannot say that this is so in this case.

The other objections raised by defendant may not arise on a retrial.   The judgment is reversed and the cause remanded for another trial.

All concur.