RUSSELL SHAW, By Guardian, Appellant, v. CLARENCE FULKERSON. —96 S. W. (2d) 495.

Division Two, August 20, 1936.

*P. M. Marr, Rex H. Moore* and *Platt Hubbell* for appellant.

*Paul D. Kitt, W. A. Lintner* and *Cave & Hulen* for respondent.

WESTHUES, C.—Russell Shaw, appellant, brought this suit against respondent to recover damages for injuries alleged to have

312

been sustained as the result of a collision between a car driven by respondent and a car driven by Shaw. Because of a change of venue the case was tried in Sullivan County, Missouri. Upon a trial there was a verdict for defendant whereupon the plaintiff Shaw appealed. Pending the appeal Shaw was adjudged insane and the appeal was, by permission of this court, prosecuted by a guardian.

Respondent filed a motion to dismiss this appeal for the reason that appellant's counsel had failed to make a clear and concise statement of the case without reiteration, statements of law or argument, as required by Section 1060, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1341), and Rule 15 of this court.

This question has given us much concern. The statement made contains all the material facts necessary to dispose of the issues on this appeal. In that respect it is a substantial compliance with the rule. If we were to make any criticism on this point it would be that the statement is too long and there is too much detail of immaterial facts.

The rule requires the statement to be made without argument. We find in appellant's statement the following:

"The admissions of defendant Fulkerson made within a few minutes after the wreck occurred, conclusively prove that he caused this wreck and this injury of the plaintiff Shaw, by negligently driving at a high, excessive and unreasonable rate of speed in the circumstances surrounding him, and *by driving on the left-hand side of the paved highway.*

"The plaintiff here does not emphasize driving around a curve toward the south or toward the southwest on the left-hand side, wrong side of the paved highway. *To drive on the left-hand side* of a paved highway, in the dark, in the presence of fog and mist, is negligent and reckless even though the paved highway be entirely straight. The plaintiff here does emphasize the acts of defendant Fulkerson in negligently driving at a high and negligent rate of speed in the circumstances, and does emphasize his acts in driving on the left-hand side, wrong and improper side, as he drive toward the south and southwest in the dark and in the presence of fog and mist."

This of course is argument pure and simple. We are perhaps lenient with appellant in not dismissing his appeal. Respondent cites the case of Sims v. Hydraulic Press Brick Co., 19 S. W. (2d) 294, 323 Mo. 447, as authority for dismissing the appeal. In that case the appeal was dismissed principally upon the ground that the appellant had stated the facts most favorable to him and omitted facts favorable to the respondent. That of course is a more serious offense than to intersperse argument with the statement. In this case, ignoring the argumentative matter, appellant has stated all the

facts, including those favorable to respondent. We, therefore, over-rule respondent's motion to dismiss the appeal.

The collision in question occurred on a dark, foggy night, the 12th day of January, 1932, two and one-half miles west of Edinburg, on Highway Number 6, in Grundy County, Missouri. Shaw and a man named Wes Long were driving in a westerly direction. Respondent, Fulkerson, was likewise driving in a westerly direction. At a turn, or curve in the roadway they met a car coming from the opposite direction. About the time this car was even with Shaw's car Fulkerson's car crashed into the rear end of Shaw's car forcing it over an embankment. The right front bumper of Fulkerson's car was jammed into and attached to the left rear fender and bumper of Shaw's car. A garage man, who responded to a call, pried them apart. Shaw was injured in the collision. We need not detail his injuries because there was a verdict for the defendant.

Shaw and Long both testified that the first they knew of the presence of Fulkerson's car was when it collided with their car. The plaintiff introduced evidence of statements made by Fulkerson at the scene and shortly after the collision, concerning the manner in which the collision occurred. John Pruitt testified as follows:

"Q. Just explain to the jury how that came up, what you said and what Fulkerson said? A. Me and Mr. Fulkerson had been up north and east of where these cars were and as we were coming down the road I says, 'What about this, how did it happen?' He showed me where he was driving there and where he had crossed the road, and this other automobile coming up there.

"Q. Coming up from which direction? A. It would be at that time traveling northeast, this happened at the turn of the road where the road almost straightened out. They come around the corner like that and practically made the curve before the accident happened. And this other car coming from the south, just ready to make the curve, Mr. Fulkerson was cutting the corner.

"Q. What did he say about which side of the road he was driving on before he saw the car coming from the south? A. He was on the left side of the road; that would be going south and west.

"Q. Who said he was on the left side of the road? A. Mr. Fulkerson said he was on the left side of the road.

"Q. What, if anything, did he say about how fast he was driving? A. He said about 25 or 30 miles an hour.

"Q. What did Mr. Fulkerson tell you he did when he saw this car approaching him and moving to the northeast? A. He said when he saw these lights cut across his car, he bumped into these other fellows about this time.

"Q. Who do you mean by these other fellows? A. I mean Shaw and Mr. Long, of course.

"Q. You mean Fulkerson himself told you that? A. Yes, sir.

"Q. Where were you and Fulkerson when he told you that? A. Coming around the curve from where this wreck was, and we had went up to block the traffic and were watching to keep them from butting into the wrecker."

Dr. Duffy, who was called to the scene of the collision, testified as follows:

"Q. What, if anything, did the defendant, Clarence Fulkerson, tell you about how that wreck occurred? A. He was crying when I got out of the car, and asked me to hurry, said they were bad hurt, said he felt like it was his fault. I don't recall the exact language or words, but anyway he said he was on the left side of the road and saw a car coming from the south, right on to him, and he cut across and hit this other car."

Al Smith, of Missouri, testified that he took some photographs, at Fulkerson's request, of the road where the collision occurred. Smith was called as a witness for plaintiff, and the photographs were introduced in evidence by plaintiff. Fulkerson did not testify in the case.

Appellant asserts in his brief that the trial court erred in giving, at defendant's request, the following instruction, number E:

"You are instructed if you find and believe from the evidence that the defendant, while driving his automobile at the time and place mentioned in evidence was in the exercise of the highest degree of care and was driving his automobile in a careful and prudent manner and at a careful and prudent rate of speed, and defendant was suddenly confronted with an automobile approaching him from the front and without knowledge of the presence of the automobile of Shaw on the highway defendant suddenly turned his automobile to the right of the road to avoid a collision with the approaching automobile then you are instructed if you believe and find that defendant, under all such circumstances, was not negligent, your verdict will be for defendant."

The instruction was attacked upon various grounds, one being that there was no evidence upon which to base the following statement contained in the instruction: ". . . and defendant was suddenly confronted with an automobile approaching him from the front and without knowledge of the presence of the automobile of Shaw on the highway . . ." We are of the opinion that appellant's contention must be sustained. The record does not contain any evidence that Fulkerson did not know of the presence of Shaw's car upon the highway. Respondent asserts that the jury was justified to infer that fact from the evidence. The fact that plaintiff Shaw and Long did not see Fulkerson's car was no evidence that Fulkerson could not see Shaw's car. Fulkerson's car was to the rear of Shaw's car, and

Shaw's duties required him to keep a sharp lookout ahead, doubly so since the night was dark and foggy. But if respondent saw a car approaching, as he contends, why could he not have discovered, by the exercise of the highest degree of care, appellant's car upon the highway. Shaw's car was nearer to him than the approaching car. There was evidence that the lights on Shaw's car were burning. Long testified that the mist had settled on the windshield on his side of the car and he had the door partly open and was looking out for objects ahead. There was evidence that both appellant and Long saw the approaching car, so the evidence does not justify the instruction. The jury could not infer from this evidence that Fulkerson had no knowledge of the presence of Shaw's car upon the highway. The fact, if it be a fact, that respondent did not see Shaw's car, did not necessarily absolve him from blame. The reason why Shaw's car was not discovered, if it was not, was also very material. If it was because of some act of negligence on the part of respondent, then respondent could not be absolved from liability. Such matters can be submitted by proper instructions, provided there is evidence to support such instructions. The only reference made in the case that Fulkerson did not see Shaw's car was in the opening statement made by counsel for the defendant as to what the evidence would be. Wherein he stated:

"Shaw had driven his car around that curve, and there was another car coming from the opposite direction, and Fulkerson didn't know, says he didn't know, that Shaw was in front of him at that time, or that Shaw was close to him at that time. When this other car came around, its headlights were shining in Fulkerson's face; he pulled over to the right-hand side of the road. He was probably in the center of the road in making the curve. He pulled over a little further to his right-hand side, and the other car came, with lights shining in his face. When the other car passed him, was when he struck the left rear fender of Shaw's car. The testimony will be, by all the witnesses, that this was a foggy night, you couldn't see very far in front of your automobile. Lights didn't penetrate very far. Mr. Fulkerson at no time saw the lights of Shaw's car, either the front lights or tail light, he never did see that car; whether the lights were on I don't know, he didn't know."

Of course the statement, made by counsel, that Fulkerson did not see Shaw's car was not evidence and did not justify the instruction.

A plaintiff must prove his case by a preponderance of the evidence and even in cases where there is no evidence to contradict the evidence of a plaintiff a jury may find against him because it may not believe the evidence offered by the plaintiff. The credibility of the witnesses and the weight of the evidence are for the jury. In this case, reading the cold record before us, it seems that the plaintiff

offered substantial evidence to support a verdict, and that the weight of the evidence was clearly upon his side. The error in giving Instruction E may have misled the jury because it justified a verdict for the defendant, if he did not discover the plaintiff's car upon the highway. The jury may have had in mind the statement made by the attorney for the defendant, and when in their jury room had in mind that there was evidence to sustain that statement.

Instructions of this nature, when not supported by evidence, have been held to require a reversal of the case. In Gundelach v. Compagnie Generale Transatlantique, 41 S. W. (2d) 1, 1. c. 2 (1), this court said:

"An instruction not based upon or authorized by the evidence is misleading, confusing, and erroneous. [Althage v. People's Motorbus Co., 320 Mo. 598, 8 S. W. (2d) 924, 926; Kuhlman v. Water, Light & Transit Co., 307 Mo. 607, 636, 271 S. W. 788; State ex rel. Goessling v. Daues, 314 Mo. 282, 287, 284 S. W. 463; Goodwin v. Eugas, 290 Mo. 673, 684, 236 S. W. 50; State ex rel. v. Ellison (Mo.), 223 S. W. 671, 673; Meily v. Railroad Co., 215 Mo. 567, 597, 114 S. W. 1013.]"

It was also urged that the instruction was erroneous as a proposition of law even if there had been evidence to support it. We need not discuss this question because on a retrial the instruction can be drawn to meet the rulings of this court. We held in Borgstede v. Waldbauer, 88 S. W. (2d) 373, 1. c. 377 (11-13), 337 Mo. 1205, 1214, that a defendant had a right to submit his defense by proper instructions. [See, also, Parker v. St. Louis-San F. Ry. Co., 41 S. W. (2d) 386, 1. c. 388 (5).] However, if the emergency referred to in the instruction was created by the acts of the respondent then he cannot set up the emergency as a defense against plaintiff's claim. [Hall v. St. Louis-San F. Ry. Co., 240 S. W. 175, 1. c. 177 (5, 6).] On the question of whether the defendant was able to discover the plaintiff's car, it was necessary for the defendant to exercise the highest degree of care. On a retrial the instructions should be written so as to comply with this rule of law and the rulings in the cases cited.

The judgment of the circuit court is reversed and the cause remanded for retrial. *Cooley* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.