ALVIN JUNGEBLUT v. ALBERT J. MARIS, Appellant.—No. 38306.—172 S. W. (2d) 861.

Division Two, June 7, 1943.

Rehearing Denied, July 6, 1943.

*Fred Bellemere, Fred Bellemere, Jr.,* and *Roy W. Rucker* for appellant.

302

*Calvin & Kimbrell* for respondent.

304

■■■■■■■■■■

■■■ WESTHUES, C.—Plaintiff obtained a judgment against the defendant in the sum of $13,075, as damages alleged to have been sustained by plaintiff as the result of a collision of plaintiff's and defendant's cars at the intersection of Brooklyn avenue and Thirty-eighth street in Kansas City, Missouri. From the judgment entered defendant appealed.

The conceded facts in the record are that plaintiff was driving a Ford car south on Brooklyn avenue and the defendant was driving a Pierce-Arrow west on Thirty-eighth street; that the collision occurred south and west of the center of the intersection at about 6:00 P. M. Plaintiff's evidence was that the defendant was driving his car at a speed in excess of thirty miles per hour and as he entered the intersection increased his speed; that his, plaintiff's, car was the first to enter the intersection and that defendant attempted to pass in front of him and veered to the south of the center of the intersection. Plaintiff testified that when he saw defendant's car going through the intersection he, plaintiff, turned his car abruptly to the right, or west, and the cars side-swiped each other; that defendant's car proceeded west on Thirty-eighth street about one hundred feet or so and then stopped; that his, plaintiff's, car turned over. The defendant's evidence was that plaintiff was driving his car at a high rate of speed, estimated by witnesses at thirty-five miles per hour or more; that his, the defendant's, car was traveling at about fifteen to twenty miles per hour; that he entered the intersection before plaintiff and plaintiff's car struck his car between the front and rear fenders, in other words about the middle. Note the evidence given by witness Leslie Powell:

"Q. How far into the intersection was the Maris car before the Jungeblut car reached the intersection? A. He was at least halfway, if not a little farther, in the intersection.

"Q. You mean he was halfway in before—— A. (interrupting) Across the intersection, across Brooklyn."

■■■ Appellant urges that the trial court should have sustained a demurrer to the evidence because it showed plaintiff to have been guilty of contributory negligence as a matter of law. To pass upon this question we must give plaintiff every favorable inference justified by the evidence. If that is done and if the evidence of the defendant is disregarded, the plaintiff made a submissible case for the jury to say whether defendant was negligent, and also to say whether plaintiff was free from contributory negligence. We deem the above statement sufficient to pass upon the vital question in the case, that is, the question of the correctness of instruction number one. Appellant urges that this instruction is erroneous because it told the jury plain-

tiff was required to exercise only ordinary care, whereas it should have advised the jury that plaintiff was required to exercise the highest degree of care. The instruction reads as follows:

" 'Gentlemen of the Jury: You are instructed that at the time to which reference is made in the testimony, it was the duty of every person, operating a motor vehicle upon the public streets of this city, to drive the same in a careful and prudent manner, and to exercise the highest degree of care, and to drive the same at a rate of speed so as not to endanger the property of another or the life and limb of any person.

" 'And, in this same connection, you are also further instructed that by the term 'the highest degree of care,' as used in these instructions, is meant that degree of care, human skill and foresight, which a reasonably careful and prudent person would ordinarily and customarily exercise under the same, or similar, circumstances; and, that by the term 'negligence' and 'negligently,' as used in these instructions, is meant the failure or omission to exercise the aforesaid degree of care.' "

■ Respondent says appellant failed in his brief to preserve the point for review. Appellant's brief under assignments of error states:

"The court erred in giving Instruction No. 1 because it did not properly declare the law."

Under points and authorities we note the following:

"Instruction No. 1 was a plain misdirection to the jury. Under the statutes and decisions of this Court, plaintiff [863] was required to exercise the highest care, while under Instruction 1 he was only required to exercise ordinary care."

Section 8383, Mo. Rev. St. Ann. (1939) and three Missouri cases are cited as authority. We think it evident that the alleged error is pointed out in plain and unmistakable language, and hence sufficient under our rules.

■ The instruction is correct insofar as it states that every person operating a motor vehicle is required to exercise the highest degree of care. However, the definition of the term "highest degree of care" is clearly erroneous. It is the definition of "ordinary care". Jackson v. Southwestern Bell Telephone Co., 281 Mo. 358, 219 S. W. 655, l. c. 658 (2-4). Highest degree of care is that degree of care that a very careful and prudent person would ordinarily exercise under the same or similar circumstances. 45 C. J. 705, sec. 84; Perkins v. Kansas City Southern R. Co., 329 Mo. 1190, 49 S. W. (2d) 103 (4-8); State ex rel. Berberich v. Haid, 333 Mo. 1224, 64 S. W. (2d) 667, l. c. 669 (9-11); Threadgill v. United Rys. Co. of St. Louis, 279 Mo. 466, 214 S. W. 161, l. c. 164 (4); Gude v. Weick Bros. Undertaking Co., 322 Mo. 778, 16 S. W. (2d) 59, l. c. 62 (3); Jackson v. Southwestern Bell Telephone Co., 281 Mo. 358, 219 S. W. 655, l. c. 657 (1). A glance at the authorities cited will disclose that the instruction casts

upon plaintiff a burden less than the law requires. The plea of contributory negligence was in the case and the evidence justified a finding that plaintiff drove his car at an excessive rate of speed and also that he failed to keep a proper lookout. The instruction was therefore a misdirection upon a vital issue in the case. Respondent cites the cases of Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373, and Oesterreicher v. Grupp, 119 S. W. (2d) 307, as holding an instruction employing the words "very careful and prudent person" to be erroneous. The cases do not so hold. In both cases instructions were condemned which required a higher degree of skill than ordinary skill. For example, the instruction in the Borgstede case read:

"By the use of the term 'highest degree of care' in these instructions, the court means such care, skill and foresight as a very competent and prudent person would use and exercise under like or similar circumstances."

We think it was plainly pointed out that the instruction was erroneous because of the words "skill" and "competent." Under that instruction a driver was required to possess the skill of a very competent person. The statute, sec. 8383, supra, does not make that requirement. In the Oesterreicher case the parties conceded the instruction to be erroneous because the word "and" was used in lieu of the word "to", so that the instruction required of a driver the duty to absolutely avoid a collision. The St. Louis Court of Appeals in Morhaus v. Hebeler (Mo. App.), 104 S. W. (2d) 737, l. c. 739, 740 (3) (4) (5), reviewed this question and pointed out what was condemned in the Borgstede case.

For the error in instruction number one the judgment is reversed and the cause remanded. *Bohling* and *Barrett, CC.,* concur. .

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.