242 S.W.2d 578 (1951)
BURLINGAME
v.
LANDIS.
No. 42431.
Supreme Court of Missouri, Division No. 2.
September 10, 1951.
Motion for Rehearing or for Transfer to Denied October 8, 1951.
Wesner & Wesner and Fred F. Wesner, Sedalia, for appellant.
Bogutski & Bamburg, Sedalia, for respondent.
Motion for Rehearing or for Transfer to Court en Banc Denied October 8, 1951.
BOHLING, Commissioner.
Andy Burlingame recovered a judgment of $2,000 for personal injuries and property damages sustained when his automobile struck the rear of Cecil Landis' parked automobile. The Kansas City Court of *579 Appeals (Cave, J., writing) reversed and remanded the cause, Mo.App., 234 S.W.2d 808, on the ground plaintiff's instruction on contributory negligence exonerated plaintiff if he exercised ordinary care in operating his automobile and conflicted with defendant's instruction requiring the exercise of the highest degree of care by plaintiff in the operation of his automobile. The cause was transferred here under § 10, Art. V, Mo.Const.1945, for conflict with the opinion of the St. Louis Court of Appeals in Windsor v. McKee, Mo.App., 22 S.W.2d 65, 66[2, 3]. Plaintiff's cause of action involved primary negligence on the part of defendant. Defendant defended on the ground plaintiff was guilty of contributory negligence. The issues for review are limited to the propriety of the instruction.
The accident happened about noon on November 14, 1949, a clear, dry day, on East Third street in the City of Sedalia, Missouri. Defendant, his wife with him, parked his Chevrolet coach on the north side of Third street, an east and west street. He went into a bakery on the southwest corner of Third and Hancock, a north and south street, to purchase a loaf of bread.
Plaintiff was traveling west on Third street in his half ton Chevrolet truck, and saw a car (defendant's car) "parked out from the curb approximately four feet, three feet and ten inches to be exact," when 75 to 80 feet east of the parked car. When he started to pass the parked car he saw an approaching east bound truck, traveling 25 to 30, about 30, miles an hour, approximately 50 to 55 feet west of him, and when he glanced through the side view mirror on his truck, as he started to pass, he saw a "panel truck" coming from behind (traveling west). "I didn't think I could make it through so I hit the brake and clutch" and got to the right "behind the Landis' car and I couldn't get completely stopped and I hit" defendant's car.
On cross-examination plaintiff placed defendant's car 35 feet west of Hancock. He was traveling 25 miles an hour, "maybe faster," and did not slacken his speed until he saw the panel truck attempting to pass him. At one place in his testimony plaintiff "judged" he had not started around defendant's car when within 35 or 40 feet of it. As he started to pass defendant's car he glanced through his side view mirror and saw the panel truck, its front end being about even with the rear of his car.
Defendant testified he parked his car against the north curb of Third street, and set the emergency brake; that the impact moved his car down the street 10 to 15 feet, the rear tires leaving tire marks on the pavement; that the left rear corner of his car had been caved in to the seat, the gas tank had been raised up, and the bumper broken loose.
Defendant's wife, who was in his car when it was struck, testified defendant's car was struck in the back; that there was a small pick-up truck traveling east on Third street at the time, but not a big truck as testified to by plaintiff, and that she saw no panel truck pass defendant's car proceeding west along Third street.
The facts are more fully stated in the opinion of the Court of Appeals.
The questioned instruction reads, emphasis ours:
"The court instructs the jury that if you find and believe from the evidence that the plaintiff was operating his motor vehicle in a westerly direction on East Third street in a careful and prudent manner, and if you further find that an oncoming truck was approaching on Third street from the west, and if you further find that a panel truck was approaching and overtaking plaintiff's truck from the rear, and if you further find that it reasonably appeared to plaintiff that the plaintiff's truck, the oncoming truck and the panel truck would meet at the same or about the same time at the place where defendant's automobile was stopped, and if you further find that a reasonable and prudent person in plaintiff's situation exercising the highest degree of care would apprehend that sudden danger of a collision existed and that there was no time for cool deliberation before acting, and if you further find that plaintiff turned his vehicle to the right and applied his brakes, and if you find and believe *580 from the evidence that this action, if you so find, was what an ordinary prudent man might do under the same circumstances, then you are instructed that plaintiff was not guilty of any negligence contributing to his own injury or damage, if any."
The instruction is a verdict directing instruction although it does not, as plaintiff states, "direct a verdict for plaintiff." It could not properly direct a "verdict for plaintiff" because it is limited to the issue of plaintiff's contributory negligence, and before a "verdict for plaintiff" could be authorized defendant had to be found guilty of the actionable negligence submitted in plaintiff's main instruction. The instruction was the only instruction undertaking to exonerate plaintiff of contributory negligence and purporting to submit plaintiff's view of the case on that fact issue. It informed the jury that upon finding the facts therein hypothesized "then you are instructed that plaintiff was not guilty of any negligence contributing to his own injury or damage, if any." It thus disposed of the defendant's defense of contributory negligence as effectually as that defense could be disposed of, authorized a verdict for plaintiff and against defendant on the issue of contributory negligence, and constituted a verdict directing instruction fully disposing of defendant's affirmative defense of contributory negligence, a live issue in the case.
The Motor Vehicle act of 1911, Laws 1911, p. 330, § 12(9), provided that operators of motor vehicles "shall use the highest degree of care that a very careful person would use, under like or similar circumstances" on the public roads and streets. Sec. 8523, R.S.1909. This act imposed the duty of exercising the highest degree of care of a very careful person. Consult Jackson v. Southwestern Bell Tel. Co., 281 Mo. 358, 219 S.W. 655, 657[1]; Mitchell v. Brown, Mo.App., 190 S.W. 354, 357[8]; Monroe v. Chicago & A. Rd. Co., 297 Mo. 633, 249 S.W. 644, 650[8, 9].
Said act of 1911 was repealed and a new act enacted by Laws 1917, pp. 403-418. Section 11 of the act of 1917, Laws 1917, p. 413, provided: "Every person operating a motor vehicle on the public highway of this state shall drive the same in a careful and prudent manner, and at a rate of speed so as not to endanger the property of another or the life or limb of any person". Sec. 7585, R.S.1919. The requirement to drive "in a careful and prudent manner" exacted of motorist the exercise of ordinary care; that is: "that degree of care required of ordinarily careful and prudent persons in the same or similar circumstances." Edmonston v. Barrock, 1921, 207 Mo.App. 133, 136, 230 S.W. 650, 651; Conrad v. Hamra, Mo.App., 253 S.W. 808, 812[8]; Welp v. Bogy, 320 Mo. 672, 8 S.W.2d 599, 600[2]. See Robinson v. Ross, Mo.App., 47 S.W.2d 122, 126[10].
In 1921 the Chapter on Motor Vehicles was again repealed and re-enacted, the act being approved July 30, 1921. Laws 1st Ex.Sess.1921, pp. 76-107. Section 19 thereof, Id. p. 91, now § 304.010, R.S.1949, § 8383, R.S.1939, requires that: "Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb of any person * * *."
Under the express words of § 304.010, R.S.1949, motorists are required to exercise the highest degree of care in the operation of motor vehicles upon the public highways of the State; that is, with the highest degree of care of an average competent operator of motor vehicles, Borgstede v. Waldbrauer (Banc), 337 Mo. 1205, 1210, 88 S.W.2d 373, 374[4, 5]; Oesterreicher v. Grupp, Mo.Sup., 119 S.W.2d 307, 308[1, 2]; Doyel v. Thompson, 357 Mo. 963, 211 S.W.2d 704, 707[1]; and cases West Mo.Digest, Automobiles, §§ 146, 147, or, otherwise stated, with that degree of care that a very careful and prudent person would ordinarily exercise under the same or similar circumstances. Jungblut v. Maris, 351 Mo. 301, 172 S.W.2d 861, 863[6]; Jenicek v. Harrigan, Mo.App., 217 S.W. 2d 764, 766[1]. The requirement to exercise the highest degree of care applies as well to plaintiff-motorists for their own *581 safety as to defendant-motorists for the safety of plaintiffs. Consult Jackson v. Southwestern Bell Tel. Co., 281 Mo. 358, 219 S.W. 655, 657[1]; Rader v. David, Mo.App., 207 S.W.2d 519, 523[4]. The highest degree of care is applicable in a humanitarian case. Kirkham v. Jenkins Music Co., 340 Mo. 911, 104 S.W.2d 234, 236; Banks v. Morris & Co., 302 Mo. 254, 257 S.W. 482, 485[6]; Gavin v. Forrest, 230 Mo.App. 662, 72 S.W.2d 177, 181[2, 4, 5, 7].
It is said in Gude v. Weick Bros. Undertaking Co., Div. II, 322 Mo. 778, 783, 16 S. W.2d 59, 60: "It is manifest that the statute itself does not prescribe any different degree of care on the part of the operator for different occasions and places or under different circumstances. It is made the duty of every person operating a motor vehicle to exercise the highest degree of care. Where? Everywhere on the highways. When? At all times, because no exceptions are authorized." Quoted with approval in Kaley v. Huntley, Div. I, 333 Mo. 771, 63 S.W.2d 21,25.
In repealing the Motor Vehicle act of 1947 and enacting the act of 1921 reinstating the exaction of the highest degree of care of motorists upon the public highways, the Legislature recognized the existence of different degrees of care. Murray v. De Luxe Motor Stages of Ill., Mo. App., 133 S.W.2d 1074, 1077[12, 13]; Stewart v. St. Louis Public Serv. Co., Mo.App. 75 S.W.2d 634, 635[1 et seq.]; 65 C.J.S., Negligence, p. 386, § 10 et seq.; 38 Am.Jur. 673, § 29 et seq. The General Assembly construed the phrase "in a careful and prudent manner" of the act of 1917 as subjecting motorists only to the exercise of ordinary care and by the act of 1921 again, in express words, imposed upon motorists the exercise of the highest degree of care. This harmonizes with the holdings of the courts that "in a careful and prudent manner" imposes no greater duty than the exercise of ordinary care. Edmonston v. Barrock, Conrad v. Hamra, and Welp v. Bogy, all supra.
In ruling an identical legal issue adverse to plaintiff's contentions here, the Kansas City Court of Appeals said in Chamberlain v. Hamilton, Mo.App., 93 S. W.2d 1014, 1017[2]: "The terms `in a careful and prudent manner' and the `highest degree of care' are not synonymous. The `highest degree of care' is that care which a very careful and prudent person exercises under the same or similar circumstances * * *. In other words, a person may operate an automobile in a careful and prudent manner and yet not in the same manner that a very careful and prudent person would do under the same conditions." Plaintiff's instruction conflicted with defendant's instruction exacting the highest degree of care of plaintiff and was prejudicially erroneous for reasons fully developed in Chamberlain v. Hamilton, supra. Consult also Jungeblut v. Maris, 351 Mo. 301, 172 S.W.2d 861, 863[5, 7].
In Windsor v. McKee, 22 S.W.2d 65, 66[2, 3], the St. Louis Court of Appeals stated it was unable to accept the view that the words "in a careful and prudent manner" in an instruction means "ordinary care," "the same as to say that he was operating it in an ordinarily careful and prudent manner" et cetera. We think the holding of the Kansas City Court of Appeals is correct; that the ruling of the St. Louis Court of Appeals conflicts with the construction placed upon "in a careful and prudent manner" by the General Assembly and by the courts, and should not be followed.
Actionable negligence involves (1) a duty owed a person to exercise care, (2) the standard of care owed and not observed, and (3) injury or damage as a consequence. In exacting of plaintiff only an exercise of ordinary care when plaintiff owed the duty of exercising the highest degree of care caused the instruction to be bad as an emergency submission. The only requirement in the instruction for the exercise of the highest degree of care by plaintiff was in the apprehension "that sudden danger of a collision existed." In addition to "in a careful and prudent manner," the statements "reasonably appeared to plaintiff," and "an ordinary prudent man" *582 connote ordinary care and not the highest degree of care. The motor vehicle operator's judgment is not the law's criterion. The instruction is confusing. It also follows that there is no proper guide in the instruction for the jury to find plaintiff's position was without fault of his own, a requisite to invoking an emergency situation. Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, 546[10,11]; Shaw v. Fulkerson, 339 Mo. 310, 96 S.W.2d 495, 498[6]; Nix v. St. Louis Public Serv. Co., Mo.App., 228 S.W.2d 369, 373[2]. Emergencies exist only in situations of sudden and unexpected danger, depriving the actor of all opportunity for deliberation. They arise from factual situations, constituting a circumstance to be taken into consideration. What might not be proper care in a given situation might be proper care in a different situation. Consult discussions and instructions Nos. 7 and 8 in Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, 545[4-12], and No. 4 in Durmeier v. St. Louis County Bus Co., Mo.Sup., 203 S.W.2d 445, 448[3, 5]; 60 C.J.S., Motor Vehicles, § 257, p. 627, n. 4 et seq. and 5 Am.Jur. 601, stating: "The sudden emergency doctrine is not an exception to the general rule * * *." We need not pursue the matter.
Defendant's cases, mentioned infra, involved different factual situations and defendant's presentation does not necessarily establish that plaintiff was guilty of such fault as a matter of law in connection with an emergency situation as to preclude an instruction on that issue. Shaw v. Fulkerson, 339 Mo. 310, 96 S.W.2d 495, 497[2]; Hall v. St. Louis-S. F. Ry. Co., Mo.Sup., 240 S.W. 175, 176[4-6]; Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, 547[12].
The judgment is reversed and the cause is remanded.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur, except DEW, J. (transferred from K.C.Ct. of Appeals), not participating.