Helen MOORE and Elmer Moore, Respondents,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant.

No. 45740.

Supreme Court of Missouri,

Division No. 2.

May 13, 1957.

Woodson Road and 67th Street in Kansas City. To recover $10,000 damages for her resulting personal injuries Mrs. Moore instituted this action against the telephone company and her husband, Elmer Moore, instituted an action to recover damages for the loss of his wife's services and for the damage to his truck. The telephone company filed a counterclaim to recover for the damage to its truck. The actions were consolidated and a jury returned a verdict in favor of the defendant upon the plaintiffs' several claims and a verdict for the plaintiffs upon the counterclaim. The trial court sustained the plaintiffs' motion for a new trial upon the specified ground that the jury's verdict was "against the greater weight of the credible evidence."

The telephone company has appealed from the order and contends that the court erred in granting plaintiffs a new trial because their evidence was insufficient to establish a cause of action under the humanitarian doctrine and, in any event, that Mrs. Moore was guilty of contributory negligence as a matter of law. But, of course, if Mrs. Moore was not guilty of contributory negligence as a matter of law it is not necessary to a disposition of this appeal to also consider whether the plaintiffs made a submissible case under the humanitarian doctrine. Reynolds v. Thompson, Mo., 215 S.W.2d 452; Nelson v. Wabash R. Co., Mo., 300 S.W.2d 407.

There were no stop signs at the intersection and it does not appear which of the streets was the dominant street so far as traffic was concerned. According to Mrs. Moore and the young man riding with her, she was traveling west on 67th Street at a speed of twenty to twenty-five miles an hour. As she approached the intersection she slackened the speed of the truck to approximately five miles an hour and when the truck was eight to ten feet back of what would have been the curb line she looked to the south and saw the defendant's truck traveling north on Woodson. The defendant's truck was then "one-third of a block,"

John Mohler, St. Louis, Spurgeon L. Smithson, Kansas City, for appellant.

Louis Wagner, Kansas City, for respondents.

BARRETT, Commissioner.

On June 22, 1954, a 1950 Chevrolet truck owned and operated in the business of the Southwestern Bell Telephone Company was involved in a collision with a 1954 Ford pickup truck driven by Helen Moore. The collision occurred at the intersection of

one hundred feet, south of the intersection. She says that before her truck reached the west line of Woodson she looked again and the truck was "bearing down" on them. And by the time her truck had proceeded forward three or four feet farther the front bumper of the telephone company's truck struck the left front fender and door. One of the principally contested fact issues was whether the collision occurred, as the plaintiffs' evidence tended to show, in the western segment of the intersection or, as the defendant sought to show, in the eastern segment. Mrs. Moore's passenger, Leslie Adair, was positive that Mrs. Moore's truck entered the intersection before the defendant's truck entered it. One of the plaintiffs' witnesses placed the speed of the defendant's truck at forty to fifty miles an hour but the defendant established in the cross-examination of one of the plaintiffs' witnesses that the speed of its truck was twenty-five to thirty miles an hour, as the defendant's driver subsequently testified.

It was the defendant's position that Mrs. Moore did not see its truck and drove into the intersection at an undiminished speed of twenty miles an hour and into the path of its truck so that its driver was unable to avoid the collision. The defendant's driver said that as he traveled north on Woodson, at a speed of twenty-five to thirty miles an hour, brush and foliage on the southeast corner of the intersection obscured his vision to the right and he did not see the plaintiffs' truck until he was about fifty feet from the intersection. He says that he immediately applied his brakes and "when I did my wheels locked and started to slide" on the loose chat and oil on the street. Or, as he is reported to have summarized the occurrence to an investigating deputy sheriff, "I was coming north and I came upon this corner which is partly blind. The truck came through the intersection and I could not stop on the loose gravel." His truck wheels left thirty feet of skid marks on the pavement and the right front of his truck struck the left front fender and door of the Moores' truck.

■ It is not necessary to carefully detail all the facts and circumstances and demonstrate the possible inferences; the appellant's argument tacitly concedes, as of necessity it must, that the plaintiffs' evidence was sufficient to support a finding of several acts of primary negligence on the part of its driver. Ritzheimer v. Marshall, Mo.App., 168. S.W.2d 159, 163. Upon this phase of the case the appellant's only claim is that Mrs. Moore was guilty of contributory negligence as a matter of law. From its brief this is the factual summary of their argument: According to plaintiffs' trial theory Mrs. Moore approached the intersection for one hundred to one hundred fifty feet at five miles an hour; when she was eight to eleven feet back of the intersection she saw the defendant's fast approaching truck, it was a June day and the weather was clear, though she should have known a collision was likely, and though she could stop momentarily, she nevertheless continued on without increasing her speed, applying her brakes or sounding her horn, and without further looking toward the approaching truck until it was bearing down on her. It is urged, in these circumstances, that Mrs. Moore was guilty of contributory negligence as a matter of law within the cases of Yeaman v. Storms, 358 Mo. 774, 217 S.W.2d 495; Folluo v. Gray, Mo.App., 256 S.W.2d 273, and Parkville Milling Co. v. Massman, Mo.App., 83 S.W.2d 128. There are other distinguishing factors in those cases and this one, but this case does not of necessity hinge on what may or should have been done "in two-thirds of one second" as was the fact in Yeaman v. Storms. Furthermore, the appellant is arguing the possible conflicting inferences (De Lay v. Ward, 364 Mo. 431, 262 S.W.2d 628; Catanzaro v. McKay, Mo., 277 S.W.2d 566); when the two opposing versions of an intersectional collision are contradictory negligence and contributory negligence are for a jury's resolution. Jungeblut v. Maris, 351 Mo. 301, 172 S.W.2d 861.

Admittedly, the front end of the appellant's truck struck the left door and fender of the plaintiffs' truck, and from the plaintiffs' evidence it was a permissible inference that Mrs. Moore first reached and entered the intersection and that the appellant's driver failed to yield the right of way (one of the acts of primary negligence submitted as a basis for recovery). Cooksey v. Ace Cab Co., Mo., 289 S.W.2d 40. The distances in this case—particularly the distance appellant's truck was from the intersection when Mrs. Moore first saw it—may be somewhat shorter than they were in the Folluo and Parkville cases, but the inference that Mrs. Moore simply attempted to beat the appellant's truck across the intersection is not the only permissible inference as it manifestly was in the Yeaman case. And, if Mrs. Moore entered the intersection in the circumstances in which she says she did, she certainly could not anticipate that the appellant's driver would not have his truck under control and that it would slide on loose chat and oil when he applied his brakes. Cooksey v. Ace Cab Co., supra. Or as the court observed in similar circumstances in Rayburn v. Fricke, Mo.App., 243 S.W.2d 768, the plaintiff could not anticipate and there was nothing in the circumstances to indicate as she entered the intersection that the defendant would not or could not swerve, slacken speed, stop, or yield the right of way and thus avoid the collision. The evidence here does not establish that the only explanation for the collision was Mrs. Moore's driving into and through the intersection, without looking, at an undiminished speed of twenty miles an hour as was the case in Roberts v. Consolidated Paving & Material Co., 335 Mo. 6, 70 S.W.2d 543, and Branscum v. Glaser, Mo., 234 S.W.2d 626. While it may be a difference in degree only, it is our view, in the circumstances of this case, that reasonable minds could differ as to the appropriate inferences to be drawn and therefore it may not be confidently declared as a matter of law that Mrs. Moore's conduct was such as to bar her possible right to a recovery. Buehler v. Festus Merc. Co., 343 Mo. 139,

119 S.W.2d 961; Cooksey v. Ace Cab Co., supra; Rayburn v. Fricke, supra; Ritzheimer v. Marshall, supra.

Since it is not demonstrable upon this record that the plaintiffs are not entitled to recover as a matter of law, it may not be said that the trial court abused its. discretion in granting them a new trial on the ground that the jury's verdict was against the weight of the evidence. Dawson v. Scherff, Mo., 281 S.W.2d 825; Reynolds v. Thompson, supra. Accordingly the judgment is affirmed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.