George C. MAUZEY, Respondent,

v.

KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Appellant.

No. 22839.

Kansas City Court of Appeals.

Missouri.

Dec. 1, 1958.

Joseph R. Hogsett, J. D. James, Dwight L. Larison, Hogsett, Houts, James, Randall & Hogsett, Kansas City, for appellant.

Clark, Krings & Bredehoft, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff had the verdict and a judgment of $3,000 as damages for personal injuries which he allegedly sustained when his automobile, which he was then and there driving, collided with the rear end of defendant's bus.

The accident occurred about 9:30 p. m., August 10, 1956, at the junction of U. S. Highway No. 24 and Anderson Street in the Intercity District of Kansas City. The plaintiff's case, on the issue of liability, rested solely upon the testimony of the plaintiff himself. Plaintiff testified that he first noticed the bus at Mount Washington about three-fourths of a mile from the scene of the accident and that he maintained his position at the rear of the bus up to the time of the accident. He testified that he was driving west on Highway 24 at a speed of 20 to 25 miles per hour; that he was "a good 50 feet" to the rear of the bus "when I saw the brake lights come on" and "I jammed on the brakes", but "he stopped so quickly I didn't have time to stop". Plaintiff said his brakes were in good working condition, the pavement was dry and the visibility good. He "guessed" he could have stopped his car in about 50 feet. Plaintiff's own testimony also located the positions of the motor vehicles when the bus lights went on and again at the time of the first impact. He said the bus was about in the middle of the intersection—that is, Anderson Street, —when its brake lights went on, and that

when he first hit the rear of the bus it was a "little on the other side"—that is, west of the west edge of Anderson Street. On cross-examination, plaintiff testified that he was "right along the east edge" of Anderson Street when his brakes took hold, and was, at that time, about 50 feet behind the bus. He stated that the first impact occurred "about even with the west edge of Anderson Street". There was undisputed testimony that the paved portion of Anderson Street, described by the defendant's witness Thomas as the mouth of the street, is 89 feet, 3 inches in width and this paved portion, of this width, extended north 17 feet.

■ Defendant's first assignment asserts the court erred in overruling defendant's motion for directed verdict presented at the close of plaintiff's evidence, and again after all the evidence was in, for the reason that plaintiff's own evidence shows him guilty of contributory negligence as a matter of law. If this assignment is sustained, then plaintiff did not make a submissible case and was not entitled to recover. Van Sickel v. F. M. Stamper Co., Mo.App., 98 S.W.2d 539, 541. We consider this claim first because if it is found to be justified it will dispose of the case and will render unnecessary the consideration of other assignments.

Our Missouri law imposes on every driver of a motor vehicle upon our highways the duty to drive the same "in a careful and prudent manner" and to "exercise the highest degree of care". Section 304.010, V.A.M.S.; Burlingame v. Landis, 362 Mo. 523, 242 S.W.2d 578, 580.

In Rader v. David, Mo.App., 207 S.W.2d 519, loc. cit. 523, contributory negligence was defined as follows: "Contributory negligence is a want of due care on the part of a plaintiff claiming to have been damaged by the actionable negligence of another, combining and concurring with that negligence, and contributing to the damage as a proximate cause thereof, without which such damage would not have oc-

curred. (Citing cases.)" In many of the cases involving contributory negligence the charge was that the plaintiff should have known or that he should have seen. In our particular case it is only necessary that we apply the rule to plaintiff's own testimony, to what he admittedly did see and his own statement as to the location of the vehicles involved at the crucial periods in the sequence of events which comprised the accident.

■ Here we have defendant's bus and plaintiff's automobile going along the street at 20 to 25 miles per hour and therefore traveling from 27 to 37 feet per second. Plaintiff, in his testimony, gave two locations of the vehicles at critical periods. First, his car was "a good 50 feet behind the bus when the bus brake lights went on". Allowing three-fourths of a second reaction time and a speed of 25 miles per hour, his car would travel 27 feet and at that speed and with conditions as plaintiff described them he could have brought his car to a stop within an additional 27 feet. It was physically impossible for the bus to have stopped within 4 feet after application of the brakes. Second, in this description, plaintiff applied his brakes at the east edge of Anderson Street, the bus was then in the middle of the intersection with its brake lights on and the first impact occurred at the west edge of Anderson Street. Under this second portrayal by plaintiff, the bus traveled at least 40 feet and plaintiff's car traveled at least 80 feet after each had applied his brakes. Under either of plaintiff's accounts as to what happened, we cannot escape the conclusion that plaintiff had sufficient time after he saw the bus brake signal to have applied his own brakes and brought his automobile to a complete stop before it reached the rear of defendant's bus. His failure to do so amounts to contributory negligence on his part and precludes a recovery. The court erred in overruling defendant's motion for a directed verdict.

Plaintiff has not filed a brief on this or any other question presented on the ap-

·peal although he was allowed 15 days after the case was presented to do so.

Defendant has also assigned as error the giving of Instructions numbered 1, 2, and 5, the excusing of juror Moyer, and in submitting the issue of sudden decrease of speed when the issue, as pleaded, was a sudden and unusual stop. Since it is our holding that plaintiff did not make a submissible case, it is unnecessary to discuss or determine these additional assignments.

The judgment is reversed and the cause remanded with directions to set aside the judgment heretofore entered and to enter judgment herein for the defendant.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court. All concur.